## HOLLAND v. WILLIAMS.

1. Where in a suit for damages on account of an assault and battery the court did not submit to the jury whether any exemplary damages should be found, but merely informed them that fines imposed by a mayor's court and city court on account of an alleged assault and battery should be considered in mitigation of exemplary damages, this contained an intimation of an opinion that the case was one for the allowance of such damages, and was error.

2. A ground of a motion for a new trial which assigned as error a mere fragmentary part of a sentence in the charge, to the effect that if the jury believed certain things, "and if the jury further believe, etc.," is too incomplete, and furnishes no ground for a reversal.

3. Where the charge as a whole covers the issues in the case, if more specific instructions are desired on any point they should be requested.

4. Where a question is asked and, on objection, rejected, counsel for the party seeking to introduce the evidence should be allowed to complete the record by showing what the witness would answer, or what testimony is expected to be elicited from him.    But it is within the discretion of the court, instead of allowing counsel to state in the presence of the witnesses and jury what he expects the witness to testify, to cause the jury to retire and allow the witness himself to state, in their absence, what his answer would be.

5. None of the other grounds of the motion for a new trial present any reason for a reversal.

Argued June 6,—Decided November 9, 1906.

Action for damages. Before Judge Brannen. City court of Statesboro. August 23, 1906.

*Brannen & Booth* and *H. B. Strange,* for plaintiff in error.

*Deal & Lanier, Twiggs & Oliver,* and *R. Lee Moore,* contra.

LUMPKIN, J.    Williams brought his action against Holland to recover damages for an alleged assault and battery.    A verdict was rendered in his favor for $1,000.    The defendant moved for a new trial, which was refused, and he excepted.

1. The charge of the court on the subject of exemplary damages was erroneous.    He instructed the jury that fines imposed in a mayor's court and city court on the defendant because of the transaction furnishing the basis of the suit should be considered by them in mitigation of exemplary damages in the case, and if the fines imposed were sufficient to offset exemplary damages, they need not consider such damages further.    But he did not submit to them whether there should be any exemplary damages at all.

The charge thus amounted to an intimation that such damages should be allowed, if the fines were not sufficient to offset them.

2. An exception to a fragment of a sentence in the charge, to the effect that if the jury should believe certain things, and "if the jury further believe, etc.," is too incomplete to furnish ground for reversal.

3. Various exceptions to the charge in its entirety are made, on the ground that the presiding judge failed to charge certain propositions. An examination of the charge as a whole, however, shows that it was sufficient generally to cover the matters referred to; and if more specific instructions on those points were desired, they should have been requested.

4. Where a question propounded to a witness is objected to and rejected, counsel should be allowed to place on record what evidence it is expected the question will elicit, in order that his exception may be perfected. Frequently this is done by a statement of counsel in his place as to what he expects the witness will testify, But this is not an arbitrary right on the part of counsel or of his client. The court may exercise a sound discretion as to the mode of ascertaining what the witness will testify. Here he ruled that he would permit the witness himself to state, out of the hearing of the jury, what his testimony would be. This was not only not error, but we think would often be good practice, where it is practicable, and where the court apprehends that the ends of justice require rather that a witness should state for himself what his testimony will be, than that the mere expectation of counsel as to it should be stated in the presence both of the witness and the jury.

5. None of the other grounds of the motion contain any error requiring a reversal.

*Judgment reversed. All the Justices concur.*