## 40188. ZANT v. HAMILTON.

MARSHALL, Presiding Justice.

The appellee, Roland Paul Hamilton, was convicted of murder, and he was given the death penalty based on the jury's finding of two statutory aggravating circumstances. On direct appeal, his conviction and sentence were affirmed. *Hamilton v. State,* 244 Ga. 145 (259 SE2d 81) (1979). On certiorari to the United States Supreme Court, the death penalty was vacated and the case remanded for further consideration in light of Godfrey v. Georgia, 446 U. S. 420 (100 SC 1759, 64 LE2d 398) (1980). Hamilton v. Georgia, 446 U. S. 961 (100 SC 2936, 64 LE2d 821) (1980). On remand, the judgment imposing the death penalty was reaffirmed. *Hamilton v. State,* 246 Ga. 264 (271 SE2d 173) (1980). This appeal by the state is from an order, entered in state habeas corpus proceedings, setting aside the appellee's murder conviction and death sentence on grounds of ineffective assistance of trial counsel.

The murder victim was John Shinall. The key state's witness was the appellee's girl friend, Billie Jean Rose. Defense counsel at trial was John F. M. Ranitz, Jr.

Billie Jean Rose testified that on the day of the murder she and Hamilton had been drinking with Shinall at various bars in Savannah, Georgia; that they returned to Shinall's apartment; that Rose left the room; that when she returned, she saw Hamilton stabbing Shinall; and that she then fled with Hamilton, who took various of Shinall's belongings and some of his money.

Hamilton gave conflicting pretrial statements to the police. In his first statement, he admitted hitting Shinall, but he stated that it was in response to a call for help by Billie Jean Rose; he further stated that he did not know that he had killed Shinall and that Billie Jean Rose had committed the robbery. In a second statement, he admitted

hitting Shinall five or six times, stabbing him, and committing the robbery.

The superior court in this proceeding has concluded that Hamilton received ineffective assistance of counsel at the guilt-innocence and sentencing stages of his trial. This conclusion is based on the following findings: that although counsel knew only four or five members of the traverse jury panel, he questioned only three jurors on voir-dire examination, and only as to a matter unrelated to capital punishment; that he made no application for investigative funds and conducted no independent investigation; that no witnesses were personally interviewed prior to their testimony; that the autopsy report and other expert medical evidence revealed that two types of wounds, stabbing and tearing, were inflicted upon the deceased; that this supported Hamilton's statement that Billie Jean Rose hit the victim on the head with a bottle; however, defense counsel failed to cross-examine Billie Jean Rose concerning this; that the deceased had a known propensity for violence, which was not investigated; that there was no investigation of grounds on which Billie Jean Rose's testimony and her credibility could have been impeached; that there was no investigation of a prior criminal conviction entered against Hamilton when he was 18 years of age, even though defense counsel knew that this would be offered against Hamilton if he was convicted; that no member of Hamilton's family was contacted prior to trial, even though they could have given evidence in mitigation; and that the state had an agreement not to prosecute Billie Jean Rose, which defense counsel did not require the state to disclose.

In this appeal, the state complains of the superior court's admission of expert testimony from other attorneys concerning their representation of other defendants in death-penalty cases. The remainder of the state's argument is to the effect that the findings of the superior court do not support the conclusion that Hamilton was rendered ineffective assistance of trial counsel.

1. As we read the superior court's order, the superior court concluded that counsel was ineffective in this case on the ground that his representation of Hamilton did not comport with the legal standard for effectiveness of counsel enunciated in the case law cited in the court's order. The relevance of the testimony of other criminal attorneys concerning their representation of other defendants in other cases is questionable, but its admission cannot be said to constitute reversible error. See Green, Ga. Law of Evidence, 2nd Ed., § 10.

2. The superior court's findings are supported by the evidence.

3. Although these findings support the conclusion that Ham-

ilton received ineffective assistance of counsel at the penalty stage of his trial, they do not support the conclusion that he received ineffective assistance of counsel at the guilt-innocence stage.

In our opinion, even if those portions of Billie Jean Rose's testimony constituting a disclaimer of her involvement in the crimes be disbelieved as self-serving, Hamilton's own pretrial statements, as well as other evidence in the case, lead inexorably to the conclusion that he is guilty of murder. "[E]ven when counsel's investigation and preparation are determined to have been seriously inadequate, there must be a showing that the habeas petitioner was to some degree prejudiced thereby . . ." Washington v. Watkins, 655 F2d 1346, 1356 (5th Cir. 1981).

However, as argued by Hamilton, he was a transient in Savannah, the town in which he was tried; therefore, he was unknown there. Affidavits have been obtained from various of his relatives and friends, and their testimony would have been admissible as mitigating evidence during the penalty stage of his trial. The superior court was authorized in finding that such evidence could have been obtained through investigation by reasonably diligent counsel, and that counsel's failure to produce such evidence, coupled with other inactions on his part, rendered him ineffective at the penalty stage of this case.

Therefore, the judgment is affirmed insofar as it sets aside the death penalty, and the judgment is reversed insofar as it sets aside the murder conviction.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Hill, C. J., Smith and Gregory, JJ., who dissent from reversal.*

DECIDED OCTOBER 5, 1983 —
REHEARING DENIED OCTOBER 25, 1983.

*Michael J. Bowers, Attorney General, James P. Googe, Jr., Executive Assistant Attorney General, Marion O. Gordon, First Assistant Attorney General, William B. Hill, Jr., Senior Assistant Attorney General, Mary Beth Westmoreland, Assistant Attorney General,* for appellant.

*Robert G. Fierer, Steven A. Westby,* for appellee.