S90A0252, S90A0253. PLESS v. THE STATE (two cases).
(390 SE2d 40)

HUNT, Justice.

Tony Darrell Pless was convicted of the murder of Christopher Stephen Boscoe in Gwinnett County and sentenced to life in prison.[1] He appeals raising the general grounds, the failure to grant his motions for mistrial, and ineffective assistance of counsel. We affirm.

The victim, Christopher Boscoe, asked the defendant for a ride from Oliver's Bar on Highway 78 in Gwinnett County to another bar.

---

[1] The shooting occurred on March 26, 1988, and the defendant was indicted in August. After a trial, the jury found him guilty on December 20, 1988. He filed a motion for new trial on December 28, 1988, which was amended on July 11, 1989, and denied on September 1, 1989. The reporter certified the trial transcript on September 8, 1989. A pro se notice of appeal was filed on September 12, and his appointed appellate attorney filed another on September 20, 1989. The cases were docketed here on November 22, 1989, and argued before this court on January 17, 1990. The defendant has filed no brief in his pro se appeal.

The victim, the defendant, and Michael Hill left the bar with Frank Culpepper in Culpepper's truck about 1:30 a.m. Saturday, March 26, 1988. Hill testified that at a stop sign along the way, the defendant and the victim got out of the truck, an argument ensued, and the defendant shot the victim. The victim was left by the roadside and was found dead, but still warm, a few hours later by a Gwinnett County policeman. He had been shot three times; one shot, through the lungs and main arteries, was fatal. The victim had a money clip with $129 in bills in his pocket.

The defendant was convicted on the testimony of Michael Hill and a statement the defendant made the following morning to Michael Shelton that he shot a guy 6 times over a couple of hundred dollars for some drugs, but the victim only had $20 on him. At trial, the defendant denied leaving the bar with Boscoe and sought to impeach both Hill and Shelton. Culpepper was not called as a witness.

1. In urging the evidence does not support the jury's verdict, the defendant contends that Hill's testimony was conflicting and procured by a promise to drop charges pending against him for possession of amphetamines. In addition, Hill's ex-wife and daughter testified they would not believe him under oath. However, the credibility of witnesses is a matter for the jury. *Moore v. State*, 255 Ga. 148, 149 (335 SE2d 868) (1985).

Having reviewed the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found the defendant guilty of malice murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State*, 245 Ga. 89, 90 (263 SE2d 131) (1980).

2. The defendant raises as grounds for reversal the trial court's failure to grant the defendant's motions for mistrial when witness Michael Shelton placed the defendant's character in issue by his unsolicited statement he and the defendant did a lot of drinking and took a lot of drugs together and when witness Michael Hill placed the defendant's character in issue by testifying to the defendant's use of drugs and alcohol on the day of the killing.

> Evidence is not inadmissible "simply because it might incidentally reflect on the defendant's character." *Felker v. State*, [252 Ga. 351, 365 (314 SE2d 621) (1984)]. *Any* evidence establishing that a defendant has committed the crimes for which he is being tried . . . will inevitably say something about his character. What is forbidden is the introduction by the state in the first instance of evidence whose *sole* relevance to the crime charged is that it tends to show that the defendant has bad character. . . . [*Frazier v. State,* 257 Ga. 690, 698 (362 SE2d 351) (1987).]

See generally *Jones v. State*, 257 Ga. 753 (363 SE2d 529) (1988). Michael Hill's testimony he and the defendant used drugs and alcohol on the day of the killing was relevant evidence of the defendant's state of mind and admissible as part of the res gestae. Whether the effects due to their use may have worn off by the time of the killing was a question for the jury to decide. *Johnson v. State*, 232 Ga. 61 (4) (205 SE2d 190) (1974). Thus, this evidence was admissible even though it incidentally placed the defendant's character in issue.

The unsolicited statements of Michael Shelton, on the other hand, fall into the category of inadmissible evidence. Any error, however, was alleviated by the admonition of the trial court to the jury to disregard the evidence and was harmless in light of the defendant's statement to Michael Shelton he killed the victim in order to rob him of money for drugs and the res gestae testimony of Michael Hill. *Woods v. State*, 233 Ga. 495, 498 (212 SE2d 322) (1975).

Furthermore, the defendant failed to preserve this issue for appeal by renewing his motion for mistrial after the curative instructions by the trial court. *Jackson v. State*, 248 Ga. 480 (2) (284 SE2d 267) (1981).

We conclude, therefore, that the trial court's refusal to grant the motion for mistrial was not an abuse of discretion. *Sabel v. State*, 250 Ga. 640, 644 (300 SE2d 663) (1983).

3. The defendant also asserts as ineffective assistance of counsel the failure of his attorney to request expert examination of his competency at the time of the trial.

The physician at the county jail testified at the motion hearing that he prescribed 50 milligrams of Elavil to counter the defendant's depression. While possible side-effects of the drug could have impaired the abilities of the defendant so that he was unable to assist with his defense, no such symptoms were reported to the doctor or observed by him. The doctor also testified that a patient develops a tolerance for the drug and the low dosage of 50 milligrams would not have affected the defendant from April 1988, when he first prescribed the drug, until his December 1988 trial. The prescribing doctor left the jail in August 1988, did not see him after May, and had no knowledge of what side effects, if any, the Elavil had on the defendant at the time of his trial. Other evidence was presented showing the defendant's dosage was increased in September 1988 to 100 milligrams per day, and at that dosage, no behavioral changes were noted.

Defendant's appointed trial counsel, who did not represent him at the motion for new trial or on appeal, testified he was unable to have coherent conversations with the defendant when he was first appointed and the defendant exhibited some paranoia at the time. Just before the trial, however, counsel noted a marked improvement in his ability to communicate with, and to gain the attention and co-opera-

tion of the defendant. The defendant's attorney considered the possibility of seeking a psychiatric expert, but based on prior experience, he rejected the idea as inappropriate in this case. The defendant wrote a letter to his attorney stating he was not taking any medication during the trial. In addition, the trial court noted he had not observed any lack of competency on the part of the defendant during the course of the trial, over which he had presided.

The trial court did not abuse its discretion in denying the motion to have the defendant's competency at the time of trial examined. Nor do we find error in the refusal of the trial court to grant a new trial for ineffective assistance of counsel based on the same grounds. *Smith v. Francis*, 253 Ga. 782, 784 (325 SE2d 362) (1985).

4. Defendant asserts further that counsel was ineffective in failing to subpoena certain other witnesses, failing to seek funds from the court to investigate witness Michael Shelton, who resided in Alabama, and failing to discover the whereabouts of Frank Culpepper, a potential witness in his behalf.

Trial counsel explained his reasons for not pursuing these avenues as a matter of trial tactics. The defendant has not shown specifically how these alleged failures would have affected the outcome of his case, and the trial court found counsel reasonably effective. We find no error. *Smith v. Francis*, supra at p. 784; *Hawes v. State*, 240 Ga. 327 (1) (240 SE2d 833) (1977).

*Judgments affirmed. All the Justices concur.*

DECIDED APRIL 12, 1990.

*Walter J. Clarke, Harrison & Harrison, G. Hughel Harrison,* for appellant.

*Thomas C. Lawler III, District Attorney, Phil Wiley, Debra K. Turner, Assistant District Attorneys, Michael J. Bowers, Attorney General, Leonora Grant,* for appellee.