A91A1153. PONDER v. THE STATE.
(411 SE2d 119)

CARLEY, Presiding Judge.

After a jury trial, appellant was found guilty of armed robbery. He filed a motion for new trial, raising the issue of the effectiveness of his trial counsel. After conducting a hearing, the trial court denied the motion for new trial and appellant appeals from the judgment of conviction and sentence entered by the trial court on the jury's guilty verdict. His sole enumeration is that he was not afforded effective assistance of trial counsel.

1. " 'In order to prevail on an ineffectiveness claim, a convicted

defendant must show (1) "that counsel's performance was deficient," i.e., that counsel's performance was not reasonable under all the circumstances, and (2) that this "deficient performance prejudiced the defense," i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." [Cit.] "A reasonable probability is a probability sufficient to undermine confidence in the outcome." [Cit.] The complaining defendant must make both showings. His failure "to establish either the performance or the prejudice component results in denial of his Sixth Amendment claim." [Cit.] A reviewing court need not "address both components if the defendant makes an insufficient showing on one," [cit.], nor must the components be addressed in any particular order. [Cit.]' [Cit.]" *Richardson v. State*, 189 Ga. App. 113, 114 (375 SE2d 59) (1988).

Appellant first contends that the failure to call two additional defense witnesses is indicative of his trial counsel's deficient performance. " 'The defendant must overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct.' [Cit.] The determination as to which defense witnesses will be called is a matter of trial strategy and tactics. '[Although appellant did] subpoena his trial counsel to appear at the hearing on his motion for new trial[,] . . . appellant made no affirmative showing that the purported deficiencies in his trial counsel's representation were indicative of ineffectiveness and were not examples of a conscious and deliberate trial strategy.' [Cit.]" *Harris v. State*, 198 Ga. App. 503 (1) (402 SE2d 62) (1991), rev'd on other grounds, 261 Ga. 386 (405 SE2d 482) (1991). Indeed, appellant's trial counsel was never even asked whether she had any reason for not calling the additional witnesses. Thus, there was no showing that the performance of appellant's trial counsel was deficient.

Moreover, the failure of trial counsel to employ evidence cannot be deemed to be "prejudicial" in the absence of a showing that such evidence would have been relevant and favorable to the defendant. *McCarthy v. State*, 196 Ga. App. 839, 842 (4) (397 SE2d 178) (1990). Because appellant failed, at the hearing on his motion for new trial, to make any proffer of the uncalled witnesses' testimony, it is "impossible for appellant to show there is a reasonable probability the results of the proceedings would have been different. [Cit.] . . . [I]t cannot possibly be said . . . that . . . the [additional witnesses] would have . . . testified favorably to appellant. . . ." *Stamey v. State*, 194 Ga. App. 305, 306-307 (1b, c) (390 SE2d 409) (1990). Compare *Richardson v. State*, supra.

Finally, even accepting the truth of appellant's unsubstantiated assertions that each of the uncalled witnesses could have authenticated an item of evidence, such testimony would have been merely

cumulative. One of those two items of evidence, a photograph, was otherwise authenticated. The other item of evidence, a motel receipt, was of only minimal if any relevance to appellant's alibi defense in that it would not preclude appellant's participation in the crime and the alibi defense was otherwise fully presented through another witness.

2. Although appellant's trial counsel filed several pre-trial motions, a motion to suppress the clothing and the gun found in appellant's automobile at the time of his arrest was not one of them. The failure to have filed such a motion is urged as demonstrating that appellant's Sixth Amendment rights were violated.

The question of whether the admission of reliable-but-illegally seized evidence can ever satisfy the "prejudice" component of the requisite test for ineffectiveness claims appears to be unresolved. See *Kimmelman v. Morrison*, 477 U. S. 365, 391 (106 SC 2574, 91 LE2d 305) (1986) (Powell, J., concurring). However, it is clearly settled that the mere "failure to file a suppression motion does not constitute *per se* ineffective assistance of counsel. . . ." *Kimmelman v. Morrison*, supra at 384.

The record in the instant case clearly shows that if the items seized from appellant's automobile had "been suppressed, the State under the evidence in this case would still have proven each and every essential allegation of the crime alleged. Furthermore, under the evidence of this case, the search of appellant's [automobile] was a lawful . . . search and a motion to suppress would not lie. [Cit.]" *Solomon v. State*, 247 Ga. 27, 30 (1) (277 SE2d 1) (1981). Under the undisputed evidence of record, the inculpatory clothing was found in plain view in appellant's automobile. See *Wiltshire v. State*, 191 Ga. App. 426, 427 (1) (382 SE2d 166) (1989). The discovery of these clothes and the fact that appellant and his automobile matched the previously-obtained description of the robber and the getaway vehicle provided probable cause for his arrest as well as the subsequent search. See *Cobb v. State*, 244 Ga. 344, 348 (4) (260 SE2d 60) (1979). It follows that the ensuing seizure of the gun was the product of a valid search.

3. Appellant's motion for new trial on the ground of ineffective assistance of counsel was correctly denied by the trial court.

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED OCTOBER 1, 1991.

*Kenneth D. Kondritzer*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Carl P.*

*Greenberg, Assistant District Attorneys*, for appellee.