amici curiae.

## S91A1519. HOLMES v. THE STATE.
(410 SE2d 295)

BELL, Justice.

The appellant, Reginald Holmes, was found guilty of the malice murder of Leslie Kelly and of possession of a knife during the commission of a crime.[1] Holmes appeals, contending that the evidence presented at trial was insufficient to convict him of malice murder and that photographs of the victim's body should not have been admitted into evidence at trial. We affirm.

Holmes served a term in prison before the crimes in question. Before Holmes went to prison, he and Kelly had lived together. However, while Holmes was in prison, Kelly had decided to end her relationship with Holmes. After being released from prison, Holmes went to see Kelly at her place of employment. Holmes asked Kelly to leave work with him at that time, but she refused because she was afraid of him. Since she was afraid of Holmes, Kelly went to a friend's home after work that day. Holmes tracked her there and demanded that Kelly talk to him. Kelly refused to talk to him, and began backing away from him. Holmes held up his hands and told Kelly, "I ain't got nothing." When he got close enough to Kelly, he reached in his pocket, pulled out a knife, stabbed Kelly and threw her to the ground, continuing to plunge the knife into her body. Kelly died of 18 stab wounds. Holmes fled the state but was subsequently apprehended. Two police officers testified that, upon his arrest, Holmes stated, "The bitch deserved it."

At trial, Holmes claimed that the killing was voluntary manslaughter. He testified that he stabbed Kelly because he had learned from a neighbor that Kelly had been having an affair.

1. Holmes contends that the evidence fails to support a verdict of malice murder and instead supports only a conviction of voluntary manslaughter. We disagree. A review of the evidence in the light most favorable to the verdict shows that a rational trier of fact could have found Holmes guilty of malice murder beyond a reasonable doubt.

---

[1] The crimes occurred on August 24, 1990. Holmes was indicted on December 10, 1990. Holmes was convicted on March 27, 1991, and sentenced on April 23. He was sentenced to life in prison for the murder conviction and to five years in prison for the possession-of-a-knife conviction. Holmes filed his notice of appeal on April 23, 1991. The court reporter certified the transcript on July 24, 1991, and the case was docketed in this Court on August 15, 1991. The appeal was submitted for decision without oral arguments on September 27, 1991.

*Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Holmes next contends the trial court violated the rule of *Brown v. State*, 250 Ga. 862, 866-867 (302 SE2d 347) (1983), by admitting into evidence several pre-autopsy photographs of the victim's body with wooden tongue depressors inserted into the 18 stab wounds. However, we find that the pre-autopsy photographs at issue here do not fall within the rule of *Brown*, supra, 250 Ga. at 866-867, because the state did not mutilate or damage the body, the photographs were relevant to the issue of malice, and the photographs were not unduly inflammatory.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 27, 1991.

*William R. Folsom*, for appellant.

*H. Lamar Cole, District Attorney, Bradfield M. Shealy, Assistant District Attorney, Michael J. Bowers, Attorney General, Robert D. McCullers, Staff Attorney*, for appellee.