S92A0629. CRUZ-PADILLO v. THE STATE.
(422 SE2d 849)

BELL, Presiding Justice.

The appellant, Rodolfo Cruz-Padillo, was convicted of the felony murder (with the underlying felony being aggravated assault), voluntary manslaughter,[1] and aggravated assault of Elfego Romaro, and of the possession of a firearm during the commission of a felony.[2] The

---

[1] The jury returned the voluntary manslaughter conviction on the malice murder count of the indictment.
[2] The crimes occurred on May 16, 1991. Cruz-Padillo was indicted on August 23, 1991, and was convicted and sentenced September 16, 1991. Cruz-Padillo filed a motion for new

trial court merged the voluntary manslaughter and aggravated assault convictions with the felony murder conviction, and sentenced Cruz-Padillo to life in prison for felony murder and to a term of five years for the possession of a firearm during the commission of a felony. For the reasons that follow, we affirm Cruz-Padillo's convictions for felony murder and possession of a firearm during the commission of a felony.

The victim, Elfego Romaro, was the acting manager at a restaurant where Cruz-Padillo worked. On the day before the murder Cruz-Padillo, along with several others, was involved in a confrontation with the victim. On the night of the murder Cruz-Padillo met the victim outside the restaurant when it closed. Cruz-Padillo motioned for the victim to come closer to Cruz-Padillo, and the two began to argue. The victim slapped Cruz-Padillo and Cruz-Padillo then fatally shot the victim four times.

1. Having reviewed the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found Cruz-Padillo guilty of felony murder and of the possession of a firearm during the commission of a felony beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In his second enumeration of error Cruz-Padillo contends that the jury, by convicting him of voluntary manslaughter, necessarily found the aggravated assault of the victim was mitigated by provocation and that under *Edge v. State*, 261 Ga. 865 (414 SE2d 463) (1992), his conviction for felony murder must be reversed. However, after the jury returned its verdict, the trial court asked Cruz-Padillo if he had any objections to the form of the verdict and Cruz-Padillo responded that he did not. Moreover, after the trial court merged the voluntary manslaughter conviction into the felony murder conviction and sentenced Cruz-Padillo for felony murder, the court asked Cruz-Padillo if he had any objections to the court's judgment. Again, Cruz-Padillo responded in the negative. Because of these failures to object, we hold that Cruz-Padillo is barred from now asserting that the court should have sentenced him for voluntary manslaughter instead of felony murder. *Wilson v. State*, 262 Ga. 588 (423 SE2d 245) (1992).

3. In his first enumeration of error Cruz-Padillo contends that the trial court violated his federal and state constitutional rights to remain silent and to due process by requiring him to testify before any of the other defense witnesses or not at all. We agree that the trial court violated Cruz-Padillo's rights to remain silent and to due process. *Brooks v. Tennessee*, 406 U. S. 605, 609-613 (92 SC 1891, 32

---

trial on October 11, 1991. The trial court denied the motion for new trial on November 7, 1991. Cruz-Padillo filed his notice of appeal on November 27, 1991. The court reporter certified the transcript on February 7, 1992. The appeal was docketed in this court on February 27, 1992, and was submitted for decision without oral arguments on April 10, 1992.

LE2d 358) (1972). However, because Cruz-Padillo did testify and thoroughly presented his evidence concerning voluntary manslaughter and self-defense, because it was necessary for Cruz-Padillo to testify to present those defense theories, and because we can otherwise discern no harm from Cruz-Padillo testifying first, we find beyond a reasonable doubt that the error did not contribute to the verdict. See *Chapman v. California*, 386 U. S. 18, 24 (87 SC 824, 17 LE2d 705) (1967); *Strickland v. State*, 260 Ga. 28, 29 (2) (c) (389 SE2d 230) (1990).

4. In his fourth enumeration of error Cruz-Padillo contends that the trial court erred in ruling that he could not introduce evidence of the victim's reputation for violence. Assuming that the trial court erred in excluding such evidence, the judgment is not subject to reversal because Cruz-Padillo made no offer of proof concerning what testimony he expected his witness or witnesses to give. See *Cambron v. Canal Ins. Co.*, 246 Ga. 147, 152 (10) (269 SE2d 426) (1980); *Hall v. State*, 202 Ga. 619, 620-622 (44 SE2d 234) (1947).

5. Contrary to Cruz-Padillo's contention, we find no error in the admission of pre-autopsy photographs of the victim. See *Holmes v. State*, 261 Ga. 714, 715 (2) (410 SE2d 295) (1991); *Newland v. State*, 258 Ga. 172, 174-175 (366 SE2d 689) (1988).

6. Finally, we find that the trial court did not abuse its discretion in denying Cruz-Padillo's motion for a continuance. *Peebles v. State*, 260 Ga. 165, 166 (1) (391 SE2d 639) (1990).

*Judgment affirmed. Clarke, C. J., Hunt, Benham, Fletcher and Sears-Collins, JJ., concur.*

DECIDED NOVEMBER 19, 1992 —
RECONSIDERATIONS DENIED DECEMBER 17, 1992.

*R. Andrew Fernandez*, for appellant.
*Robert E. Keller, District Attorney, Tracy G. Gladden, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Peggy R. Katz, Staff Attorney*, for appellee.