S92A1341. PEAVY v. THE STATE.
(425 SE2d 654)

SEARS-COLLINS, Justice.

The appellant, Lashundra Peavy, appeals from her conviction for the malice murder of Arthur Turner.[1] On appeal her sole contention is that she received ineffective assistance of trial counsel. We affirm.

1. Having reviewed the evidence in a light most favorable to the verdict, we conclude that a rational trier of fact could have found Peavy guilty of malice murder beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In her only enumeration of error Peavy contends that she received ineffective assistance of trial counsel. In this regard, she contends that counsel's performance was deficient because counsel failed to specifically except to certain portions of the trial court's jury charge or to reserve the right to do so later and because counsel failed to have the voir dire and opening statements recorded. Peavy further contends that several of the trial court's charges were erroneous and that she was prejudiced thereby.[2]

To establish that there has been actual ineffective assistance of counsel, the defendant must show that counsel's performance was deficient and that the deficiency prejudiced the defense.

---

[1] The crime occurred on February 23, 1991. Peavy was indicted on March 29, 1991, and was found guilty on September 19, 1991. Peavy filed a motion for new trial on October 8, 1991. On December 26, 1991, the court reporter certified the transcript. Peavy filed an amended motion for new trial on March 8, 1992, which was denied on May 21, 1992. Peavy filed a notice of appeal on June 17, 1992. The appeal was docketed in this Court on July 31, 1992, and was orally argued on October 13, 1992.

[2] Peavy admits that she can show no prejudice from counsel's failure to have voir dire and opening statements recorded; she states that she relies on that failure only as additional proof of counsel's allegedly deficient performance.

*Baggett v. State,* 257 Ga. 735 (1) (363 SE2d 257) (1988).

In the instant case, we need not evaluate whether counsel's performance was deficient, because we conclude that Peavy has failed to establish that counsel's performance was prejudicial.[3] *Wadley v. State,* 258 Ga. 465, 466 (369 SE2d 734) (1988). In this regard, when a defendant raises an ineffectiveness claim based on counsel's failure to except to certain jury charges or to preserve the right to do so on appeal, the defendant must show that the charges in question were erroneous and that, if proper charges had been given, there is a reasonable probability that the result of the trial would have been different. Id. at 466-467. Having examined each of the jury charges that Peavy contends were erroneous, we conclude that most of the charges were not erroneous and that, even assuming that others were erroneous, Peavy has failed to establish that there is a reasonable probability that proper charges would have affected the result of the trial. Id. at 466-467.

*Judgment affirmed. Clarke, C. J., Hunt, P. J., Benham, Fletcher, Sears-Collins, JJ., and Judge Dewey Smith concur; Hunstein, J., not participating.*

DECIDED FEBRUARY 8, 1993 —
RECONSIDERATION DENIED FEBRUARY 25, 1993.

*Shandor S. Badaruddin,* for appellant.

*Lewis R. Slaton, District Attorney, Leonora Grant, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Mary H. Hines, Assistant Attorney General,* for appellee.

---

[3] In this case, counsel objected to one portion of the jury charge but did not reserve his right to raise other objections at a later time. Counsel thus waived Peavy's right to raise other objections on motion for new trial or on appeal. *McCoy v. State,* 262 Ga. 699 (425 SE2d 646) (1993); *Harmon v. State,* 259 Ga. 846, 848 (388 SE2d 689) (1990). Because of the lack of a showing of prejudice in this case, we decline to decide whether the failure to reserve the right to object to the jury charge is per se deficient performance.