## S93A1857. ROBERTS v. THE STATE.
### (439 SE2d 911)

BENHAM, Justice.

Appellant was convicted of murder, and sentenced to life imprisonment.[1] He appeals the judgment of conviction, contending he was denied his constitutional right to effective assistance of counsel.

1. Appellant claimed he shot the victim in self-defense. The State presented the testimony of an eyewitness who, though unable to identify appellant as the perpetrator, stated that the shooter entered a cafe where the victim was sitting at the bar, and asked the victim to step outside. The victim refused, saying "If you are going to kill me, you are going to kill me here." The assailant then started firing a gun. The victim grabbed a bottle and headed toward the shooter, at which point a number of the shots struck him. The victim bled to death after being struck by four gunshots, one of which struck him in the back. No weapon was found on the victim. The State also introduced evidence of appellant's statement to police, in which he stated he shot the victim in self-defense. Appellant told police that the victim had one hand in the victim's back pocket, and appellant feared the victim had a gun. The evidence was sufficient to authorize a rational trier of fact to find appellant guilty of malice murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant claims trial counsel was ineffective because: a) he failed to obtain a transcript of appellant's first trial to prepare for and use in the second trial; b) he failed to subpoena two eyewitnesses; c) he failed to request or consent to the State's request for a jury instruction on voluntary manslaughter, and did not discuss with appellant the possibility of such an instruction; d) he failed to cross-examine the State's only eyewitness effectively; and e) he failed to file a motion to suppress a statement given by appellant to police the day after the killing.

In order to establish that trial counsel's performance was so defective as to require a new trial, appellant must show that counsel's performance was deficient and that the deficient performance so prejudiced appellant that there is a reasonable likelihood that, absent

---

[1] The crime occurred on February 23, 1987. Appellant was indicted on June 8, 1987, for murder and possession of a firearm by a convicted felon. A mistrial as to the murder charge was declared on January 20, 1988, when the jury was unable to reach a verdict. The jury did find appellant guilty of the possession charge. Appellant was re-tried on the murder charge March 15-16, 1988, and sentenced to life imprisonment when the jury returned a guilty verdict. Trial counsel filed a motion for new trial on April 15, 1988, and appellate counsel, appointed December 16, 1992, filed an amendment to the motion for new trial on April 15, 1993. The motion was denied on July 22, 1993, following a hearing. The notice of appeal was filed August 18, 1993, the case was docketed in this court eight days later, and oral argument was heard on November 10, 1993.

counsel's errors, the outcome of the trial would have been different. *Hayes v. State*, 263 Ga. 15 (426 SE2d 557) (1993). Appellant must overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct. *Brogdon v. State*, 255 Ga. 64 (3) (335 SE2d 383) (1985).

(a) At the hearing on the amended motion for new trial, trial counsel, testifying on behalf of appellant, admitted that having the transcript from the previous trial would have been useful at the second trial for impeachment purposes. Since the transcript of the first trial was not produced at the hearing, appellant failed to establish that witnesses gave allegedly contradictory testimony, and we presume counsel's actions were not prejudicial to appellant. *Sleeth v. State*, 201 Ga. App. 324, 326 (411 SE2d 79) (1991).

(b) Trial counsel admitted that appellant had given him the names of two persons who were with him when the victim was shot. Knowing that one of the witnesses was unreliable due to drug abuse, counsel decided not to call her as a witness. The decision not to call the witness was a strategic or tactical decision (*Hawes v. State*, 240 Ga. 327 (1) (240 SE2d 833) (1977)), and appellant did not establish how the failure to call the witness would have affected the outcome of the case. *Pless v. State*, 260 Ga. 96 (4) (390 SE2d 40) (1990). See also *Ponder v. State*, 201 Ga. App. 388 (1) (411 SE2d 119) (1991) (in light of defendant's failure to proffer the testimony of the uncalled witness, defendant cannot prove that there is a reasonable likelihood that the trial's result would have been different). While trial counsel did not interview the other eyewitness, the witness testified at the hearing that the victim came at appellant with a pocketknife despite the witness having grabbed the victim, and appellant shot the victim multiple times. The witness could not explain why a knife was not found at the scene. In light of the discrepancies between the witness' recount of the homicide and appellant's statement to police, appellant's trial testimony, and the trial testimony of the State's eyewitness, appellant did not establish that inclusion of the witness' testimony at trial would have resulted in a different outcome.

(c) At trial, the State orally requested a charge on voluntary manslaughter. In a bench conference, trial counsel declined to request such a charge, and opposed the State's request. From the day of his arrest through the hearing on the motion for new trial, appellant was consistent in his assertion that he acted in self-defense when he shot the victim.

> [W]hile . . . it is critically important for defense lawyers in a jury trial to consult fully with accuseds in such vital matters as the decision whether to pursue an "all or nothing" defense and whether to request [or acquiesce in the State's request to

charge] the lesser included offenses the trial court may be willing to submit to the jury, and that the effect of a failure to so consult must be rigorously scrutinized when ineffective assistance of counsel is asserted, we do not find that failure to follow this crucial practice in every case constitutes ineffective assistance of counsel as a matter of law. Rather, . . . our inquiry must focus on "what is the consequence when that practice has not been followed." [Cit.]

*Van Alstine v. State*, 263 Ga. 1, 4 (426 SE2d 360) (1993). As was the case in *Van Alstine*, supra, the hearing transcript reflects that appellant was firmly of the belief he acted in self-defense, and there is no evidence that he would have entertained a suggestion that the jury be permitted to consider the possibility that he committed voluntary manslaughter. "[T]he hearing transcript establishes that the charge was declined pursuant to an informed strategic choice by trial counsel which comported with appellant's strong feelings about the justification defense." Id. at 4.

(d) Consistent with his testimony in earlier proceedings, the State's eyewitness testified that he did not know appellant, that he did not see him in his bar the day the victim was shot, and that he could not describe the person who shot the victim. Shortly thereafter, the witness used the term "defendant" to denote the person who came in the bar and shot the victim. Appellant contends trial counsel was ineffective when he failed to cross-examine the witness about his earlier inability to identify the assailant and other factual discrepancies between earlier statements and testimony and his trial testimony. Even if we were to assume that trial counsel's cross-examination of the witness was deficient, in light of appellant's admission that he shot the victim, appellant has not established that, but for the assumed deficiency, the outcome of the trial would have been different.

(e) Appellant contended trial counsel should have sought suppression of his statement to police because he was not apprised of his rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966), prior to making the statement. At trial, the officer to whom appellant gave the statement testified that he had made appellant aware of his *Miranda* rights. At the hearing, appellant admitted that there were no basic differences between the statement and his trial testimony. "[F]ailure to file a suppression motion does not constitute *per se* ineffective assistance of counsel. . . ." *Kimmelman v. Morrison*, 477 U. S. 365, 384 (106 SC 2574, 91 LE2d 305) (1986). Since appellant is alleging that ineffectiveness was exhibited by trial counsel's failure to file a motion to suppress, appellant must make a "strong showing" that the evidence would have been suppressed had a motion to suppress been filed. *Ruffin v. State*, 201 Ga. App. 792 (2)

(a) (412 SE2d 850) (1991). In light of the officer's testimony that appellant's *Miranda* rights were read to him, appellant did not make the requisite strong showing.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 21, 1994.

*Lamar W. Sizemore, Jr.*, for appellant.

*Britt R. Priddy, District Attorney, Michael J. Bowers, Attorney General, Paige M. Reese, Staff Attorney*, for appellee.