## S95A0261. GOODWIN v. CRUZ-PADILLO.
(458 SE2d 623)

HUNSTEIN, Justice.

Rudolfo Cruz-Padillo's petition for writ of habeas corpus was granted on the basis that he had received ineffective assistance of trial counsel. Warden Goodwin appeals and we reverse.

The evidence at trial established that the victim, who was Cruz-Padillo's work supervisor, had engaged in a fist fight with Cruz-Padillo's roommate the evening before the incident (during which the victim had slapped Cruz-Padillo on the face), but the fight had ended peacefully and the combatants had shaken hands. The next day, Cruz-Padillo shot the unarmed victim four times outside the restaurant where the two men worked. He asserted at trial that he acted in self-defense to avoid receiving a beating.

During presentation of the defense, trial counsel moved to admit evidence of the victim's acts of violence towards others on the basis of *Chandler v. State*, 261 Ga. 402 (3) (405 SE2d 669) (1991), which had been rendered July 3, 1991 and was published in the Advance Sheets three days after Cruz-Padillo's trial began. The trial court denied the motion on the basis that the change in law represented by *Chandler* was not applicable to Cruz-Padillo's trial. In addressing on direct appeal Cruz-Padillo's enumeration challenging this ruling, this Court found no reversible error because there had been no proffer at trial concerning what testimony Cruz-Padillo expected his witness to give. *Cruz-Padillo v. State*, 262 Ga. 629 (4) (422 SE2d 849) (1992).

At the habeas hearing, trial counsel testified that he had been prepared to make the required proffer at the time of the trial court's evidentiary ruling, but that the witness whom counsel had subpoenaed for that purpose had refused at the last minute to testify. Cruz-Padillo argued, and the habeas court found, that trial counsel was ineffective because counsel failed to subpoena additional witnesses for the purpose of making the necessary proffer at trial as to the victim's acts of violence towards third parties. Trial counsel testified that while investigating the matter, he had learned that the victim had assaulted other co-workers and acknowledged as correct that "there were other people . . . that actually told [trial counsel] 'Yes, I've seen [the victim] beat other workers in this restaurant,'" but that counsel did not subpoena these others to make the proffer. This testimony by trial counsel constituted Cruz-Padillo's sole evidence in support of his ineffective assistance claim.

In determining whether a convicted defendant's claim that trial counsel's assistance was so defective as to require reversal of the conviction, this Court applies the two-prong test set forth in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), under which the defendant is required to show both that counsel's

performance was deficient and that the deficiency prejudiced the defense. *Peavy v. State*, 262 Ga. 782 (2) (425 SE2d 654) (1993). "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, supra, 466 U. S. at 691 (B). In the instant case, we need not evaluate whether counsel's performance was deficient, see id. at 697, because we conclude that Cruz-Padillo has failed to establish that counsel's performance prejudicially affected his defense. See *Peavy*, supra; see also *Hayes v. State*, 262 Ga. 881 (3) (426 SE2d 886) (1993).

In assessing the prejudicial effect of counsel's failure to call a witness (whether that failure resulted from a tactical decision, negligent oversight, or otherwise), a petitioner is required to make an affirmative showing that specifically demonstrates how counsel's failure would have affected the outcome of his case.

> [T]he failure of trial counsel to employ evidence cannot be deemed to be "prejudicial" in the absence of a showing that such evidence would have been relevant and favorable to the defendant. Because appellant failed . . . to make any proffer of the uncalled witnesses' testimony, it is impossible for appellant to show there is a reasonable probability the results of the proceedings would have been different. [I]t cannot possibly be said that the [additional witnesses] would have testified favorably to appellant.

(Citations and punctuation omitted.) *Ponder v. State*, 201 Ga. App. 388 (1) (411 SE2d 119) (1991). Accord *Roberts v. State*, 263 Ga. 807 (2) (b) (439 SE2d 911) (1994).[1]

In the instant case, Cruz-Padillo's sole evidence consisted of testimony by trial counsel that counsel knew there were other witnesses who had seen the victim assault unnamed co-workers; no further information was elicited by petitioner from trial counsel. Although Cruz-Padillo at the habeas hearing had the opportunity under OCGA § 9-14-48 to submit any affidavits of the actual testimony of these persons, see *Gaither v. Cannida*, 258 Ga. 557, 560-561 (2) (372 SE2d 429) (1988), he failed to do so. The other witnesses were not identified; no affidavits or other sworn testimony from these witnesses were adduced; and there is no evidence that these other witnesses, had they been subpoenaed, would have agreed to testify.[2] Absent a proffer

---

[1] See also *Pless v. State*, 260 Ga. 96 (4) (390 SE2d 40) (1990); *Brown v. State*, 257 Ga. 277 (2) (d) (357 SE2d 590) (1987).

[2] In this regard, we agree with the holding in *Alexander v. McCotter*, 775 F2d 595, 602 (5th Cir. 1985) that

as to the expected testimony of these other witnesses, it was impossible for the habeas court to review numerous essential details, such as the nature and severity of the acts of violence witnessed, the circumstances surrounding the assaults, the presence or lack of provocation or justification for the acts, or the types of individuals against whom the acts of violence had been directed. These details were necessary in order to determine whether failure to call these witnesses would have indeed affected the outcome of Cruz-Padillo's trial.

Because the evidence adduced by Cruz-Padillo at the habeas hearing provided nothing more than mere speculation as a basis for the habeas court's ruling,[3] it was error for the habeas court to find that the performance of Cruz-Padillo's trial counsel was so defective as to require reversal of the conviction.

*Judgment reversed. All the Justices concur, except Hunt, C. J., Fletcher and Sears, JJ., who dissent.*

FLETCHER, Justice, dissenting.

The majority has departed from the long-standing rule that this court will not disturb the findings of a habeas court if any evidence in the record supports the findings.[4] Here, the habeas court record is sufficient to satisfy both the deficiency and prejudice prongs of *Strickland v. Washington.*[5] Although the majority avoids deciding whether trial counsel's performance was deficient, the record amply supports the finding that trial counsel's performance fell well below the range of reasonable professional conduct.

Trial counsel testified that he considered the case against Cruz-Padillo a close one.[6] He knew that the only defense was self-defense or justification. He interviewed several persons who could testify that the victim was a violent person. Specifically, trial counsel testified that he knew of individuals who would testify that the victim had beaten other workers at the restaurant. Because of the facts of this case — that Cruz-Padillo and the victim worked at the same restau-

---

[i]n order for the appellant to demonstrate the requisite *Strickland* prejudice, the appellant must show not only that this testimony would have been favorable, but also that the witness would have testified at trial. [Cits.]

See also *United States ex rel. Cross v. DeRobertis*, 811 F2d 1008, 1016 (7th Cir. 1987).

[3] Under the factual circumstances present here, we find this is "simply not the kind of case where there has been such a constructive denial of counsel . . . that prejudice can be presumed." *Aldrich v. Wainwright*, 777 F2d 630, 634 (11th Cir. 1985).

[4] See *Williams v. Caldwell*, 229 Ga. 453 (192 SE2d 378) (1972); *Balkcom v. Vickers*, 220 Ga. 345, 348 (138 SE2d 868) (1964).

[5] 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); see also *Smith v. Francis*, 253 Ga. 782 (325 SE2d 362) (1985).

[6] The jury's verdict confirms this: the jury returned a verdict of voluntary manslaughter on the malice murder charge and also convicted Cruz-Padillo of felony murder based on the underlying felony of aggravated assault. *Cruz-Padillo v. State*, 262 Ga. 629, n. 1 (422 SE2d 849) (1992).

rant and Cruz-Padillo shot the victim at the restaurant after the victim hit him — this evidence was relevant and highly favorable to Cruz-Padillo's only defense. Following *Chandler v. State*,[7] trial counsel notified the state that he intended to present this evidence. Yet he failed to subpoena the witnesses on this crucial element of the defense. Trial counsel believed he had a witness available, but when this witness became reluctant to testify, trial counsel was unable to compel his testimony because he had failed to subpoena him. Trial counsel compounded this error by failing to perfect the record with an offer of proof when the trial judge ruled the evidence inadmissible. On direct appeal, this court held that the trial court's exclusion of this evidence was not subject to reversal because he "made no offer of proof concerning what testimony he expected his witness or witnesses to give."[8] As the habeas court found, this failure of counsel to subpoena witnesses in support of his client's only possible defense constituted ineffective assistance of counsel.[9]

The habeas court also found that trial counsel's performance was deficient because he failed to investigate the facts in the case and failed to interview a majority of the state's witnesses before trial. This finding was based in part on a credibility determination by the habeas court.

The majority glosses over these specific factual findings of the habeas court by holding that the habeas court was merely speculating on the prejudicial effect of trial counsel's deficient performance. I strongly disagree. Trial counsel's testimony regarding the substance of the uncalled witness' testimony was specific enough to allow the habeas court to determine that the evidence would have been admissible and favorable.[10] The proffered testimony here was much more substantial than in *Ponder v. State*,[11] cited by the majority, in which

---

[7] 261 Ga. 402, 407 (405 SE2d 669) (1991).

[8] *Cruz-Padillo*, 262 Ga. at 631.

[9] See *Code v. Montgomery*, 799 F2d 1481, 1483-1484 (11th Cir. 1986) (failure to investigate or subpoena witnesses in support of sole defense of alibi was ineffective assistance of counsel); see also *Zant v. Hamilton*, 251 Ga. 553, 554 (307 SE2d 667) (1983) (affirming habeas court's finding that counsel was ineffective in part because he failed to investigate victim's known propensity for violence).

[10] See *Holland v. Williams*, 126 Ga. 617, 618 (55 SE 1023) (1906) (within judge's discretion to receive offer of proof from counsel or from witness).

[11] 201 Ga. App. 388, 389 (411 SE2d 119) (1991). The other cases cited by the majority are likewise inapplicable, because the evidence presented in those cases falls far short of the testimony before the habeas court. See *Roberts v. State*, 263 Ga. 807, 808 (439 SE2d 911) (1994) (no proffer as to one uncalled witness, and other uncalled witness' testimony was not favorable to defense); *Pless v. State*, 260 Ga. 96, 99 (390 SE2d 40) (1990) (counsel's decision not to pursue witnesses was a trial tactic); *Brown v. State*, 257 Ga. 277, 279 (357 SE2d 590) (1987) (no evidence of substance of uncalled witness' testimony or how it might be relevant); *Alexander v. McCotter*, 775 F2d 595, 602 (5th Cir. 1985) (petitioner failed to provide either the subject matter of the expected testimony or the defense it might tend to establish).

there was no proffer at all of the uncalled witness' testimony.

The habeas court was not required to determine that trial counsel's compound deficiencies would have resulted in an acquittal.[12] Rather, the record before the habeas court was sufficient for that court to determine that "in the totality of this case with its potential for extenuation and justification" the deficient performance of trial counsel prejudiced Cruz-Padillo.[13] The habeas court made this determination based on the entire trial record and the testimony of trial counsel. Because the record is sufficient to support the habeas court's thorough order, I would affirm.

I am authorized to state that Chief Justice Hunt and Justice Sears join in this dissent.

DECIDED JUNE 29, 1995 —
RECONSIDERATION DENIED JULY 28, 1995.

*Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Peggy R. Katz, Assistant Attorney General,* for appellant.
*Michael M. Worth,* for appellee.

---

[12] *Strickland,* 466 U.S. at 694.
[13] See *Code,* 799 F2d at 1484 (showing of prejudice does not require determination that alibi testimony would have changed trial result; prejudice is shown where counsel's failure to investigate and present defense deprived defendant of "fundamentally fair trial").