## S03A0675. SMART v. THE STATE.
(587 SE2d 6)

FLETCHER, Chief Justice.

A jury in DeKalb County convicted Eddie Smart of malice murder, armed robbery, and related crimes for the killing of James Henry Williams, Jr.[1] On appeal, Smart contends that the trial court erred by limiting the extent to which Smart could present evidence of the victim's homosexuality. The trial court allowed Smart to present all relevant and admissible evidence and did not err by excluding irrelevant evidence that was intended merely to impugn the victim's character. Therefore, we affirm.

1. The evidence at trial showed that Smart told police that he entered Williams' apartment on December 4, 1999 to use the telephone, and that he killed Williams after Williams made unwanted sexual advances towards him. Smart stabbed Williams more than 40 times in his head, neck, chest, arms, and back. The police found bloodstains throughout the different rooms of the apartment. Police also found Williams' briefcase, which appeared disordered and contained multiple empty bank deposit bags. The State presented evidence that Williams was known to carry money in his briefcase, and that Smart told an acquaintance that he killed Williams while robbing him to get money for his girlfriend.

After reviewing the evidence in a light most favorable to the jury's verdict, we conclude that there was sufficient evidence for a rational trier of fact to find Smart guilty beyond a reasonable doubt of malice murder, felony murder, and armed robbery.[2]

2. The trial court allowed Smart to present evidence regarding Williams' sexuality to the extent it was relevant to Smart's claim of self-defense, by allowing him to testify that he killed Williams after Williams made unwelcome homosexual advances on him. The trial

---

[1] The crimes were committed on December 4, 1999. On March 27, 2000, the DeKalb County grand jury indicted Smart for malice murder, two counts of felony murder, and armed robbery. On November 9, 2000, the jury convicted Smart on all counts. Both felony murder convictions stood vacated as a matter of law, and on November 14, 2000, Smart was sentenced as a recidivist to two consecutive life sentences for the malice murder and armed robbery convictions. Smart moved for a new trial on November 14, 2000, and amended that motion on March 15, 2002. The trial court denied the motion on November 12, 2002, and Smart filed a timely notice of appeal on December 11, 2002. The case was docketed in this Court on January 17, 2003, and submitted on the briefs on April 7, 2003.

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

court did not err, however, by refusing to allow Smart to dwell on irrelevant matters related to Williams' past sexual relationships. Smart's efforts to present entirely irrelevant evidence throughout the trial about Williams' homosexual relationships were merely attempts to attack Williams' character, and it was not error for the trial court to exclude such evidence.[3]

3. The trial court also did not err by excluding a police report showing that Williams had been convicted of public indecency in 1994. Smart sought to introduce evidence of the conviction as a prior act of violence against a third party pursuant to *Chandler v. State*.[4] Smart contends that the evidence would have shown that Williams was convicted of public indecency for enticing a young boy to his door and masturbating in front of the child. The child ran home and summoned the police. The trial court has discretion to admit evidence of a victim's prior act of violence towards a third party when the defendant claims justification as a defense.[5] According to the evidence proffered by Smart, however, Williams' conviction for public indecency does not qualify as a prior act of violence because there is no evidence that the crime caused any physical harm.[6]

Furthermore, Smart offered no factual nexus between Williams' conviction for public indecency and the issues at trial. Evidence intended solely to impugn the character of a victim of a crime is inadmissible.[7] Because the evidence offered by Smart had no probative value, the trial court did not err by excluding the police report related to Williams' prior crime.

4. Smart contends that the trial court erred by refusing to allow him to proffer testimony from Detective Harvey, out of the jury's presence, that would have shown that Harvey learned about a homosexual relationship between Williams and Ricco Reeves. Generally, when a party is prevented from introducing objectionable evidence, the party should be allowed to put that evidence into the record through an offer of proof outside of the jury's presence.[8] In this case, however, the trial court had already properly ruled that the evidence Smart sought to proffer was inadmissible. Smart's attempt to continuously proffer testimony on the same subject was duplicative and

---

[3] *Roseberry v. State*, 274 Ga. 301, 303 (553 SE2d 589) (2001).

[4] 261 Ga. 402 (405 SE2d 669) (1991).

[5] *Chandler*, 261 Ga. at 407-408.

[6] *Bennett v. State*, 265 Ga. 38, 40-41 (453 SE2d 458) (1998) (victim's conviction for burglary not admissible as prior act of violence against a third party because there was no evidence of physical harm); *Lowe v. State*, 267 Ga. 410, 414 (478 SE2d 762) (1996) (threats of harm do not qualify as prior act of violence against a third party); *Smith v. State*, 270 Ga. 240, 243 (510 SE2d 1) (1998) (carrying sawed off shotgun and soliciting aid to commit a crime are not prior acts of violence).

[7] *Roseberry*, 274 Ga. at 303.

[8] *Holland v. Williams*, 126 Ga. 617, 618 (55 SE 1023) (1906).

futile. The trial court summarized the testimony that Smart was attempting to proffer for the record and reiterated that such evidence was irrelevant and inadmissible hearsay. Because the evidence Smart attempted to proffer had already been ruled inadmissible, it was not error for the trial court to refuse Smart's continuous attempts to proffer the same type of evidence.

5. Finally, Smart claims that he was deprived of effective assistance of counsel because his attorney failed to produce two witnesses that would have testified about Williams' prior acts and prior homosexual relationships. The first witness related to Williams' 1994 conviction for public indecency, and the second witness was allegedly one of Williams' former homosexual lovers, Ricco Reeves. In order to prevail on a claim of ineffective assistance of counsel, Smart must show that his trial counsel's performance was deficient and that the deficient performance prejudiced his defense.[9]

Because the testimony Smart contends should have been presented about Williams' public indecency conviction was inadmissible and irrelevant, as noted above, Smart's attorney did not act deficiently by failing to locate and produce any witnesses to that crime.

With respect to Reeves, the trial court found that Smart's attorney did diligently but unsuccessfully attempt to locate him. In addition to personally searching for Reeves on multiple occasions, Smart's attorney also hired a private investigator, using funds that he received from the court, who was also unable to find Reeves. The trial court did not err in its determination that Smart's counsel did not act deficiently.[10]

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 22, 2003.

*Ingrid J. McGaughey*, for appellant.

*J. Tom Morgan, District Attorney, Robert M. Coker, Assistant District Attorney, Thurbert E. Baker, Attorney General, Jason C. Fisher, Assistant Attorney General*, for appellee.

---

[9] *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Smith v. State*, 275 Ga. 326, 327-328 (565 SE2d 453) (2002).

[10] *Suggs v. State*, 272 Ga. 85 (526 SE2d 347) (2000).