A06A2097. PIERCE v. THE STATE.
(637 SE2d 467)

SMITH, Presiding Judge.

In the wake of his July 2002 attack on a woman, a jury convicted Cornell Pierce of rape, kidnapping, aggravated sodomy, and robbery. On appeal, Pierce argues that he received ineffective assistance when trial counsel failed to impeach the victim's credibility with evidence concerning her 1996 drug arrest. We find no error and affirm.

The record shows that the State filed a motion in limine to exclude evidence of the victim's 1996 arrest for marijuana solicitation. The trial court granted the motion. On direct examination, the victim testified to the details of Pierce's 2002 attack, but denied that she had approached Pierce and asked him for marijuana. Pierce later testified that she had done so. At the end of his cross-examination of the victim, Pierce renewed his effort to introduce evidence of the victim's 1996 arrest, and then moved for a mistrial on the ground that the excluded evidence was essential to his defense that the victim had approached Pierce for marijuana and consented to the sexual encounter with him. The trial court denied the motion for mistrial.

After his conviction, Pierce obtained a stipulation from the State that trial counsel would testify that her failure to seek the introduction of the 1996 arrest for purposes of impeachment was not a strategic or tactical decision. Pierce's amended motion for new trial argued that this failure amounted to ineffective assistance. Citing *Allen v. State*, 275 Ga. 64 (561 SE2d 397) (2002), the trial court denied the motion.

"To prove an ineffective assistance of counsel claim, [a] defendant must show that trial counsel performed deficiently and that the result of the trial would have been different but for the deficiency." (Citation, punctuation and footnote omitted.) *Fargason v. State*, 266 Ga. 463, 465 (4) (467 SE2d 551) (1996), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

Pierce argues that trial counsel was ineffective when she failed to impeach the victim by means of evidence concerning the 1996

arrest, since "[a] witness may be impeached by disproving the facts testified to by [her]." OCGA § 24-9-82. We disagree.

Evidence of the 1996 incident is irrelevant to the circumstances surrounding Pierce's 2002 attack, and it is also inadmissible for any other purpose. As the Supreme Court of Georgia held in *Allen,* supra:

> [A] victim's character is rarely relevant for any purpose in a criminal trial. While a defendant is entitled to effective cross-examination, he is not entitled to unfettered cross-examination, and the trial court has broad discretion in limiting its scope.

(Citations and punctuation omitted.) 275 Ga. at 68 (3). The victim in this case limited her testimony to the incident at issue, and never opened the door to the subject of her own good character. Pierce therefore had no right to introduce evidence on the 1996 incident. See *Daniel v. State,* 211 Ga. App. 455, 456-457 (1) (439 SE2d 720) (1993) (granting new trial when defendant's prior conviction was impermissibly introduced for purposes of disproving his testimony); *Strickland v. State,* 166 Ga. App. 702, 702-703 (305 SE2d 434) (1983) (granting new trial when prosecutor asked defendant about defense witness's arrest).

We therefore conclude that trial counsel did not perform deficiently when she failed to introduce irrelevant evidence concerning the 1996 incident. *Smart v. State,* 277 Ga. 111, 113 (5) (587 SE2d 6) (2003). The trial court did not err when it denied Pierce's motion for new trial. Id.

*Judgment affirmed. Ruffin, C. J., and Phipps, J., concur.*

DECIDED OCTOBER 10, 2006.

*Carl P. Greenberg,* for appellant.
*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Assistant District Attorney,* for appellee.