### 31539. MALONE v. THE STATE.

HALL, Justice.

We granted certiorari in this case to consider whether *Baker v. State,* 236 Ga. 754 (225 SE2d 269) (1976), this court's recent opinion construing Georgia's homicide statutes with respect to felony murder issues, precludes a charge on voluntary manslaughter in a felony murder trial. It does not.

Malone, who has not yet been tried, was indicted for malice murder and felony murder in the commission of an aggravated assault. The Court of Appeals shortly after our *Baker* decision reversed the lower court, which had sustained Malone's demurrer to the indictment on the ground that a death in the course of an aggravated assault could not be felony murder. Malone argues on certiorari that we should reconsider and renounce *Baker.*

An argument strongly urged by Malone is that under *Baker* the state of mind with which the aggravated assault was committed becomes irrelevant and any resulting death is felony murder; therefore *Baker* disallows a charge on voluntary manslaughter in a felony murder trial. This argument is not correct. As the concurring opinion in *Baker* pointed out, we had no question there, under the evidence, of a voluntary manslaughter offense. Here we do.

With respect to instructions given the jury, voluntary manslaughter is a lesser included offense of felony murder, as we read Code Ann. §§ 26-1101 (b) and

26-505, because an act done in passion involves a less culpable mental state than the state of real or imputed malice which is the foundation of the felony murder rule. Therefore, where the facts warrant it, a charge on voluntary manslaughter may indeed be given in a felony murder trial.

Additionally, we emphasize that voluntary manslaughter, and the felony of involuntary manslaughter where it applies, are not themselves felonies which will invoke the felony murder rule as to the death of the main victim. (We have here no question of accidentally killed bystanders). Therefore, if a jury finds felonious manslaughter, they should not go on to reason that this offense, being itself a felony, turns the killing into a felony murder. The jury should be instructed in accordance with this principle.

Appellant, taking support from a recent note in 28 Mercer L. Rev. 371 (1976) takes issue with our statement in *Baker* that Georgia lacks a "reckless homicide statute." As reference to the authorities we cited in *Baker* will show, the term "reckless homicide statute" is in general use to denote a statute creating a degree of homicide *less* than murder. Georgia does *not* have such a statute; we have only the voluntary and involuntary manslaughter statutes which create degrees of homicide less than murder. We are aware, as appellant urges, that in Georgia there is a history of punishing recklessly caused homicide as *murder:* that is a fact, but it simply has nothing to do with the deficiencies in the felony murder scheme because it provides no category of homicide less culpable than murder.

The present situation in Georgia with respect to the felony murder rule is caused in part by the language of Code Ann. § 26-1101 (b), which does not in any way limit the felonies invoking the rule. As we noted hypothetically in *Baker,* we could have a "felony murder" arising out of a death associated with bribery. That is plainly nonsensical, though it is in effect what the legislature has decreed. Though we do not confront that situation in the instant case, we note our hesitancy to conclude that such a death would be "caused" by the felony, within the meaning of Code. Ann. § 26-1101 (b).

The opinion of the Court of Appeals is affirmed.
*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 8, 1976 — DECIDED JANUARY 27, 1977.

*Adams, O'Neal, Hemingway, Kaplan, Stone & Brown, Manley F. Brown, H. T. O'Neal, Jr.,* for appellant.
*Fred M. Hasty, District Attorney, Walker P. Johnson, Jr., Assistant District Attorney,* for appellee.