## 53341. YOUNG v. THE STATE.

Marshall, Judge.

The issue raised in this appeal is whether voluntary manslaughter is a lesser included offense of felony

murder.

The appellant was tried on a seven-count indictment based on the following incident: Appellant and two others were apprehended by a policeman at the request of the owner of a convenience store who suspected the three of shoplifting. After some discussion, the policeman escorted the three suspects out of the store to his police car, assisted by the store owner. Appellant's brother, one of the three suspects, suddenly attacked the policeman. At this time the store owner drew a pistol from his pocket and warned appellant and the third suspect to stand back. There was some evidence that the store owner held the pistol to appellant's brother's head. The third suspect advanced on the store owner and the latter shot and killed him. Appellant then advanced on the store owner and during the struggle over the pistol was himself wounded by three shots from the pistol. Appellant wrested the pistol away from the owner, aimed it at him and pulled the trigger, but the pistol did not fire. Meanwhile, appellant's brother had managed to take the policeman's pistol from him. Appellant shouted for his brother to shoot the store owner, which he did, fatally wounding him. Appellant and his brother then fled and hid in a nearby house where they were captured shortly thereafter.

The grand jury returned a separate indictment against appellant in seven counts: Count 1, theft by taking (misdemeanor); Count 2, escape while armed with a dangerous weapon (felony); Count 3, aggravated assault (upon the store owner); Count 4, murder (malice); Count 5, felony murder (escape specified as the felony); Count 6, aggravated assault (upon the policeman); and Count 7, aggravated battery (upon the policeman). The aggravated assault counts (3 and 6) were dismissed, and the aggravated battery count (7) was reduced to a simple battery by the jury. As to the remaining counts, the jury returned a verdict of: Count 1, theft by taking — guilty; Count 2, escape while armed — not guilty; Count 4, murder — not guilty; and Count 5, felony murder — not guilty, but guilty of voluntary manslaughter. He was sentenced to 12 months on the charge of theft by taking: 20 years for the offense of the voluntary manslaughter and 12 months on the simple battery verdict.

Appellant moved to arrest judgment on the voluntary manslaughter count on three grounds: (1) voluntary manslaughter is not a lesser included offense of felony murder; (2) the guilty verdict for voluntary manslaughter after the jury found him not guilty of murder constitutes double jeopardy; and (3) acquittal of escape under Count 2 is inconsistent with the conviction of voluntary manslaughter under Count 5.

The trial court denied this motion and appellant appeals from the judgment of conviction and sentence contending that the judgment should be arrested for any one of the three grounds stated. *Held:*

1. Appellant contends that because the jury found him not guilty of the escape (felony) offense then there remains no criminal culpability under the felony murder count (Count 5). We disagree. There is no question that, had the jury found voluntary manslaughter under the murder count (Count 4), there would be no problem. See, e.g., *Perry v. State,* 78 Ga. App. 273 (4) (50 SE2d 709). The charge of the trial court permitted the jury to find voluntary manslaughter under either Count 4 or Count 5, but the jury found him not guilty of any offense under Count 4.

Neither side cites authority as to whether or not voluntary manslaughter is a lesser included offense of felony murder. The latter offense is defined in Ga. L. 1968, pp. 1249, 1276 (Code Ann. § 26-1101 (b)) as "[causing] the death of another human being, irrespective of malice" when in the commission of a felony. Voluntary manslaughter is defined negatively under Ga. L. 1968, pp. 1249, 1276 (Code Ann. § 26-1102), as "[causing] the death of another human being" which would otherwise constitute murder were the killing not done as a result of sudden, violent and irresistible passion. It is obvious that the element of passion is not an element in the crime of felony murder, and that the element of felony commission is not an element of voluntary manslaughter.

However, these dissimilarities do not disqualify manslaughter from being included within felony murder under the statutory definition of "Included Crimes." "A crime is so included when: (a) It is established by proof of the same or less than all the facts or a less culpable mental

state than is required to establish the commission of the crime charged . . ." Ga. L. 1968, pp. 1249, 1267 (Code Ann. § 26-505 (a)). Under this definition, voluntary manslaughter may be included if it may be proved by less than all the facts necessary to establish felony murder. In order to prove felony murder, the state had to prove (1) the felony, and (2) the death of another human being with or without malice. The state did not prove the felony, but did it prove the homicide without malice? The evidence certainly supports a finding of voluntary manslaughter as a result of sudden, violent and irresistible passion. Appellant was engaged in a heated battle with an armed combatant who during a struggle had wounded him and who was slain as a result of the spontaneous pleas of appellant. The homicide envisioned under the felony murder crime is *any* homicide, whether with malice or without (Code Ann. § 26-1101 (a)) whether in the heat of passion or not (Code Ann. § 26-1102); or whether intentional or not (Code Ann. § 26-1103). Having proved the homicide in this case, and not the felony, the state has proved "less than all the facts" necessary to establish felony murder, which, we believe, falls squarely under the definition of included crimes in Code Ann. § 26-505 (a).

We find some support for this conclusion in *Baker v. State,* 236 Ga. 754, 757 (225 SE2d 269), where the Supreme Court, in discussing the "merger doctrine" of the felony murder rule, stated: ". . . as the Georgia homicide statutes are constructed, if an unlawful homicide is not malice murder *nor felony murder,* it must fit under the rubric of voluntary manslaughter or one of the two branches of involuntary manslaughter, or else go unpunished." (Emphasis supplied.) The lumping together of murder and felony murder, indicates that voluntary manslaughter may be included under either crime.

2. Appellant's double jeopardy argument is disposed of by the conclusion reached above, among other reasons. Likewise, the repugnant verdict argument, for if voluntary manslaughter is a lesser included offense of felony murder, as we hold in this case, then manslaughter can be found without the commission of the felony, and the verdicts are therefore consonant.

*Judgment affirmed. Deen, P. J., and Webb, J.,*

*concur.*

ARGUED JANUARY 7, 1977 — DECIDED JANUARY 28, 1977 — REHEARING DENIED FEBRUARY 10, 1977 —

*Hatcher, Cook & Strickland, Charles F. Hatcher,* for appellant.

*William S. Lee, District Attorney, Loring A. Gray, Jr., Assistant District Attorney,* for appellee.

### ON MOTION FOR REHEARING.

After our opinion was issued, the Supreme Court rendered the opinion in *Malone v. State,* 238 Ga. 251, which directly upholds our position in Division 1, supra. The opinion states: "With respect to instructions given the jury, voluntary manslaughter is a lesser included offense of felony murder, as we read Code Ann. §§ 26-1101 (b) and 26-505, because an act done in passion involves a less culpable mental state than the state of real or imputed malice which is the foundation of the felony murder rule. Therefore, where the facts warrant it, a charge on voluntary manslaughter may indeed be given in a felony murder trial."

*Motion for rehearing denied.*