## S92A0868. WILSON v. THE STATE.
### (422 SE2d 536)

CLARKE, Chief Justice.

Johnny C. Wilson was convicted of the felony murder of Lugene Baker, and the possession of a firearm during a felony. He was sentenced to life imprisonment.[1]

The defendant and victim were related, and also had been close friends for many years. Several weeks before the shooting, the victim had loaned the defendant $50. The two men had a number of disagreements over the defendant's failure to repay this loan which culminated when a check the defendant gave the victim was refused by the bank due to insufficient funds. On the day of the shooting, the victim came to the defendant's house asking for his money. According to the defendant's statement to police and his testimony at trial, the defendant agreed to pay the victim, but the victim was in a rage and attacked the defendant as he walked into the house to get the money. The defendant testified that the victim continuously threatened to kill him during this attack. Their struggle moved from the house outside to the defendant's driveway. The defendant then broke away, ran back into the house, and obtained a gun. The defendant testified that when he went outside with the gun, he found the victim sitting in his car. The victim stated that he was not leaving until he got his money. The defendant testified that he kept walking "closer and closer" to the victim, and that he fired one warning shot into the ground. The defendant stated that he fired a second shot into the car to scare the victim when he saw him reach toward the floor of the car. The second shot struck the victim in the head, killing him. The defendant testified that he shot out of fear that the victim was reaching

---

[1] The crimes occurred on March 18, 1991. The defendant was indicted at the May 1991 term of court and tried August 28-30, 1991. The jury returned a guilty verdict on August 30, 1991, and the trial court sentenced the defendant that same day. The defendant's motion for new trial was filed on September 27, 1991, and denied February 29, 1992. The defendant's appeal was docketed in this court on May 15, 1992, and submitted on briefs on May 29, 1992.

for a gun. The defendant also testified that, prior to shooting the victim, he had repaid the loan. Neither money nor a gun was found on the victim or in his car.

Eyewitnesses to the shooting testified that they saw the defendant approach the victim in his car. The defendant asked the victim to leave, but the victim refused to do so. The defendant fired a warning shot and again asked the victim to leave. When he failed to do so, the defendant fired a second shot which struck the victim. Those witnesses who had been able to observe the victim testified that they did not see him bend down toward the floor of the car prior to being shot.

1. Construing the evidence in the light most favorable to the prosecution, we conclude that a rational trier of fact could have found the defendant guilty of felony murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The defendant was indicted for malice murder and felony murder, the underlying felony being aggravated assault. At the close of the evidence the trial court gave the sequential charge for malice murder, felony murder, and voluntary manslaughter. The jury returned a verdict acquitting the defendant of malice murder, but finding him guilty of both felony murder and voluntary manslaughter. After examining the verdict the trial court dispatched the jury to the jury room. The trial court then conferred with counsel for the state and defense as to what action should be taken regarding the verdict. At the suggestion of *both parties*, the trial court reinstructed the jury to consider first whether the defendant was guilty of felony murder, and if they found he was not, to consider whether he was guilty of voluntary manslaughter.

Following this re-charge, the jury returned a verdict finding the defendant guilty of felony murder.

(a) On appeal the defendant argues that the trial court erred in failing, sua sponte, to direct a verdict of acquittal on the charge of felony murder following the jury's verdict convicting the defendant of both felony murder and voluntary manslaughter.

In *Malone v. State*, 238 Ga. 251, 252 (232 SE2d 907) (1977), this court held that, where the evidence warrants it, the trial court must charge the law of both felony murder and voluntary manslaughter. This is so because voluntary manslaughter involves a less culpable mental state than the imputed malice which is required to support a conviction for felony murder. Id. The theory underlying felony murder is that the malice of the underlying felony is imputed to the homicide to satisfy the mens rea requirement. On the other hand, under OCGA § 16-5-2, the circumstances of the crime of voluntary manslaughter would be murder but for the provocation which prompted the act.

This court clarified the principles of *Malone* in *Edge v. State*,

261 Ga. 865 (414 SE2d 463) (1992). Under *Malone* and *Edge,* if the jury is charged the law of voluntary manslaughter and felony murder based on the same conduct arising from one aggravated assault, and it finds the defendant guilty of voluntary manslaughter, it has, by definition, found the defendant not guilty of felony murder. If the jury finds the defendant guilty of voluntary manslaughter, it has necessarily concluded that the defendant lacked the requisite mental state to commit the crime of felony murder, because it has found that any malice which would have been imputed from the underlying felony has been mitigated by the provocation which induced the crime of voluntary manslaughter. Thus, convictions for both voluntary manslaughter and felony murder based on the same aggravated assault may not stand. *Edge,* supra.

However, this court has held that where the defendant fails to object to convictions for both voluntary manslaughter and felony murder based on the same aggravated assault, it is not error to sentence the defendant for the crime of felony murder. *Carter v. State,* 261 Ga. 740 (410 SE2d 102) (1991). Absent an objection to the recharge or the jury's verdict in this case, the trial court was not under a duty to sentence the defendant for the crime of voluntary manslaughter.

(b) The defendant argues that the trial court erred in giving the sequential charge which this court disapproved in *Edge,* supra. We have held in *Taylor v. State,* 262 Ga. 584 (422 SE2d 430) (1992) that while we will apply the rule of *Edge* to all cases on direct review or not yet final at the time *Edge* was decided, "[a]pplication of the new rule to a pending case will, of course, depend on the preservation of the issue for appellate review." Id. at p. 586. Under the circumstances of this case, where defense counsel helped prepare the sequential recharge, and neither made an objection to it nor reserved his right to object to it, we conclude that appellate review of this issue has been waived.

3. The defendant complains that the trial court erred in failing to charge a certain portion of the law regarding felony murder. However, as there is no indication in the record that such a request to charge was made, we cannot consider this error on appeal. *Zachary v. State,* 245 Ga. 2, 4 (262 SE2d 779) (1980).

4. Last, the defendant argues that the trial court erred in granting the state's motion in limine to exclude evidence that the victim drove a stolen car to the defendant's house on the day of the shooting. When making the motion defense counsel argued that admission of this evidence was important to show the victim's disregard for the law. On appeal the defendant argues that this evidence would have advanced his defense of justification by showing that the victim was a person who committed crimes, and therefore was to be feared.

However, we agree with the trial court that the admission of evidence of an allegedly illegal act was not relevant to the defense of justification. OCGA § 24-2-2. Compare *Chandler v. State*, 261 Ga. 402 (405 SE2d 669) (1991), which permits an accused claiming justification to introduce evidence of specific acts of violence by the victim against third persons.

*Judgment affirmed. Hunt, Benham, Fletcher and Sears-Collins, JJ., concur; Bell, P. J., dissents as to Division 2 (a) and the judgment.*

DECIDED NOVEMBER 12, 1992.

*M. Randall Peek*, for appellant.

*Robert E. Wilson, District Attorney, Robert E. Statham III, J. George Guise, Assistant District Attorneys, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, C. A. Benjamin Woolf, Assistant Attorney General*, for appellee.