## S93A1491. WOODS v. THE STATE.
(440 SE2d 1)

SEARS-COLLINS, Justice.

Johnny Woods was convicted of malice murder and felony murder in the shooting death of Alice Lou Youngblood, with whom he was romantically involved.[1] The trial court merged the felony murder and malice murder convictions and sentenced Woods to life imprisonment. We affirm.

1. According to the testimony of Youngblood's friends and co-workers and other witnesses, Woods often threatened to kill Youngblood if he caught her with another man. The evidence showed that on the day of the murder Woods approached Youngblood in the lobby of the motel where she worked as a housekeeper and sometimes spent the night. Apparently, Woods was upset because Youngblood had not come to his trailer after work the night before, as he had expected. Instead she had spent the night at the motel with another man. Woods and Youngblood went to the back of the motel where, according to Woods, they argued and Woods drew a pistol which he kept in his pocket. Woods shot Youngblood between the eyes at close range, and she died shortly thereafter.

When examined in the light most favorable to the verdict, we find the evidence sufficient to support Woods' conviction of the crimes charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Woods contends that the trial court gave "confusing" charges to the jury on murder and manslaughter by failing to define the term "lesser included offense," and by failing to explain to the jury how it should determine whether Woods was guilty of a lesser included offense.[2] We find that the appellant waived his right to object to these jury charges on appeal by failing to object or reserve his right to object to the charges at trial. See *Cruz-Padillo v. State*, 262 Ga. 629 (2) (422 SE2d 849) (1992); see also *Earnest v. State*, 262 Ga. 494, 496

---

[1] The crime was committed on June 20, 1991. Woods was indicted on August 20, 1991, tried October 28-29, 1991, and sentenced on October 29, 1991. Counsel's signature on Woods' motion for new trial was dated November 26, 1991, and the motion was denied on December 30, 1991 (the motion was not actually filed with the superior court clerk's office until January 23, 1992). The court reporter certified the transcript on January 20, 1992. Woods filed a motion for out-of-time appeal on June 25, 1992, and the trial court granted the motion on the same day. Woods filed his notice of appeal on July 2, 1992. The appeal was docketed in the Court of Appeals on October 1, 1992, transferred to this Court on October 22, 1992, and docketed here on October 23, 1992. On February 2, 1993, this Court remanded the case to the trial court for a hearing on Woods' ineffective assistance of counsel claim. On May 27, 1993, the trial court denied Woods' ineffective assistance claim, and Woods filed a notice of appeal to that decision on June 25, 1993. The appeal was docketed in this Court on July 15, 1993, and oral arguments were heard on October 5, 1993.

[2] Woods does not contend that the charge violated the proscriptions of *Edge v. State*, 261 Ga. 865 (414 SE2d 463) (1992).

(422 SE2d 173) (1992). Furthermore, the charges given by the trial court for both murder and manslaughter were proper, and when viewed as a whole, the charges were neither confusing nor misleading.

Also regarding the jury charge, Woods claims that the trial court erred by failing to instruct on the law of accident. As Woods did not request a charge on the law of accident, we find no error. See *Wilson v. State*, 262 Ga. 588 (3) (422 SE2d 536) (1992).

3. Lastly, we uphold the trial court's determination that Woods failed to demonstrate ineffective assistance of trial counsel under the standards of *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). The trial court correctly found that each of the alleged deficiencies fell "squarely within the purview of counsel's trial strategy." Woods failed to overcome the strong presumption that his trial counsel was effective, and failed to show a reasonable probability that the outcome of the trial would have been different but for counsel's alleged ineffectiveness. Id.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 21, 1994.

*McArthur & McArthur, John Jay McArthur,* for appellant.

*Harry N. Gordon, District Attorney, Richard J. Weaver, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, C. A. Benjamin Woolf, Assistant Attorney General, Paige M. Reese, Staff Attorney,* for appellee.