A94A2641. THE STATE v. BENSON.
(451 SE2d 475)

Johnson, Judge.

The state files this direct appeal asserting the trial court erred in entering a void sentence. *State v. Baldwin*, 167 Ga. App. 737, 738 (1) (307 SE2d 679) (1983). In this case, a jury returned guilty verdicts against Tamika Michelle Benson on three counts: felony murder, voluntary manslaughter and aggravated assault. Neither the state nor the defense objected to the form of the verdicts. At the sentencing hearing, relying on *Edge v. State*, 261 Ga. 865 (414 SE2d 463) (1992), the trial court found as a matter of law the jury's finding of voluntary manslaughter precludes a conviction on the felony murder charge, and sentenced Benson on the voluntary manslaughter charge. "Because the jury in this case convicted the defendant of both voluntary

manslaughter and felony murder, it must be assumed the jurors found the underlying aggravated assault to be the product of provocation and passion. Thus, only the voluntary manslaughter conviction may stand." Id. at 868 (2).

The state relies on *Wilson v. State*, 262 Ga. 588 (422 SE2d 536) (1992) in which, as is true in this case, no objection was made to the form of the verdict. In *Wilson*, the Supreme Court found: "[W]here the defendant fails to object to convictions for both voluntary manslaughter and felony murder based on the same aggravated assault, it is not error to sentence the defendant for the crime of felony murder. [Cit.] Absent an objection to the recharge or the jury's verdict in this case, the trial court was not under a duty to sentence the defendant for the crime of voluntary manslaughter." Id. at 590 (2) (a). See also *Dennard v. State*, 263 Ga. 453, 454 (3) (435 SE2d 26) (1993); *Cruz-Padillo v. State*, 262 Ga. 629, 630 (2) (422 SE2d 849) (1992). Applying this reasoning, however, neither is the trial court in the absence of an objection to the form of the verdict under a duty to sentence the defendant for the crime of felony murder. The trial court did not err in applying *Edge*, supra, and sentencing Benson on the voluntary manslaughter charge. The sentence, being within the statutory guidelines for that offense, is not void.

*Judgment affirmed. Andrews, J., concurs. Beasley, P. J., concurs in judgment only.*

DECIDED NOVEMBER 4, 1994.

*Lewis R. Slaton, District Attorney, Carl P. Greenberg, Rebecca A. Keel, Assistant District Attorneys*, for appellant.

*Robert G. Fierer, Ike E. Duru, Colette B. Resnik*, for appellee.