A05A0738. ROBINSON v. THE STATE.
(610 SE2d 706)

BLACKBURN, Presiding Judge.

Following a jury trial, Ranterious Robinson appeals his sentence for a number of crimes relating to his attempt to rob a car from a patron at a gas station. On appeal, Robinson argues that the trial court erred by failing to merge certain counts against him. For the reasons set forth below, we affirm.

Viewed in the light most favorable to the verdict, the record shows that, in the early morning hours of September 9, 2003, Adetokunbo Rice stopped at a gas station to purchase some cigarettes. As Rice exited the store, Robinson and another unidentified assailant approached him as he neared his parked car. Robinson, who was wearing a ski mask which partially covered his face, had his hand in the pocket of his sweat jacket holding a gun pointed at Rice. When Rice noticed the bulge in Robinson's pocket, Robinson said, "You know what it is."

Rice then asked Robinson what he wanted, and Robinson replied that he wanted to steal Rice's car. Rice then offered his keys to Robinson, but Robinson instructed Rice to get in the back seat. Rice

did as he was told, but, once inside the car, he quickly lunged forward and retrieved a pistol from the glove compartment. He pointed the gun at Robinson, and Robinson then pulled a pistol from his pocket where it had been concealed up until that moment. A brief gun battle ensued in which both Rice and Robinson fired shots. Rice hit Robinson, who fled the scene. Robinson was later arrested at a nearby hospital where he sought treatment for his injuries.[1]

Following a trial, a jury convicted Robinson on ten counts: (1) hijacking a motor vehicle; (2) aggravated assault with a deadly weapon; (3) aggravated assault with intent to rob; (4) kidnapping; (5) false imprisonment; (6) possession of a firearm during the commission of the crime of aggravated assault with a deadly weapon; (7) possession of a firearm during the commission of the crime of aggravated assault with intent to rob; (8) possession of a firearm during the crime of kidnapping; (9) possession of a firearm during the commission of the crime of false imprisonment; and (10) possession of a firearm by a convicted felon.

In its sentence, the trial court merged Robinson's convictions for false imprisonment and possession of a firearm during the commission of the crime of false imprisonment with his conviction for kidnapping. None of the other counts were merged. Robinson now appeals this sentence, contending that the trial court erred by failing to merge, as a matter of fact: (1) his convictions for aggravated assault with a deadly weapon, aggravated assault with intent to rob, and kidnapping and (2) his convictions for possession of a firearm during the commission of the crime of aggravated assault with a deadly weapon, possession of a firearm during the commission of the crime of aggravated assault with intent to rob, and possession of a firearm during the crime of kidnapping.[2]

1. Robinson contends that the trial court erred by failing to merge, as a matter of fact, his convictions for aggravated assault with a deadly weapon, aggravated assault with intent to rob, and kidnapping.

As an initial matter, neither of the assault charges merge with the kidnapping charge. "[I]f one crime is complete before the other takes place, the two crimes do not merge." (Punctuation omitted.) *Reeves v. State*.[3] Pursuant to OCGA § 16-5-21 (a) (1), aggravated

---

[1] Robinson does not challenge the sufficiency of the evidence against him, which was ample to support the verdict. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[2] Although Robinson did not raise all of these objections to the sentence below, our Supreme Court has held that a criminal defendant does not have to raise in the trial court the issue of whether convictions merge as a matter of fact in order to preserve the issue for appellate review. *Curtis v. State*, 275 Ga. 576 (571 SE2d 376) (2002).

[3] *Reeves v. State*, 233 Ga. App. 802, 805 (2) (505 SE2d 540) (1998).

assault is complete when a person commits an assault with the intent to rob. And, pursuant to OCGA § 16-5-21 (a) (2), "aggravated assault is complete when a simple assault is committed with a deadly weapon which, when used offensively against a person, is likely to result in serious bodily injury." (Punctuation omitted.) *Maynor v. State.*[4]

Under the facts of this case, Robinson completed the act of aggravated assault with intent to rob at the time that he initially approached Rice and told him that he intended to steal his car. As such, this crime does not merge into Robinson's conviction for kidnapping, which was completed subsequently. *Maynor*, supra.

With regard to the crime of aggravated assault with a deadly weapon, the facts adduced at trial would support a finding that the kidnapping was completed prior to this crime. "Kidnapping is not a continuing offense, and the crime is consummated when the victim is seized." (Punctuation omitted.) *Vining v. State.*[5] Here, the crime of kidnapping was completed the moment that Robinson forced Rice to get into the back of his car. After that, Robinson revealed his weapon for the first time and a gunfight ensued. On the basis of these actions taken after the kidnapping, the jury could have determined that Robinson was guilty of aggravated assault with a deadly weapon. Thus, once again, these two crimes are separate, were completed at different times, and do not merge.

For similar reasons, we cannot say that the trial court erred by determining that, in this case, the crimes of aggravated assault with intent to rob and aggravated assault with a deadly weapon did not merge as a matter of fact. Here, the jury could have determined that Robinson completed the crime of aggravated assault with intent to rob prior to the aggravated assault with a deadly weapon based on the fact that Robinson revealed to Rice that he intended to steal his car prior to revealing his gun and entering into a gunfight. Accordingly, under the facts of this case, the two counts of aggravated assault did not merge.

2. Robinson contends that the trial court erred by failing to merge his convictions for possession of a firearm during the commission of the crime of aggravated assault with a deadly weapon, possession of a firearm during the commission of the crime of aggravated assault with intent to rob, and possession of a firearm during the crime of kidnapping. For the same reasons that the crimes underlying these charges did not merge, the corresponding possession charges also do not merge.

*Judgment affirmed. Miller and Bernes, JJ., concur.*

---

[4] *Maynor v. State*, 257 Ga. App. 151, 153 (570 SE2d 428) (2002).
[5] *Vining v. State*, 195 Ga. App. 816, 817 (1) (395 SE2d 17) (1990).

DECIDED FEBRUARY 23, 2005.

*James W. Bradley*, for appellant.
*Robert E. Keller, District Attorney, Billy J. Dixon, Assistant District Attorney*, for appellee.