A04A1881. HACKETT v. THE STATE.
(612 SE2d 54)

PHIPPS, Judge.

Faron Fernell Hackett was charged with several crimes arising from one incident: aggravated assault of Kimberly Terrell with a knife, battery-family violence by causing bodily harm to her, criminal trespass by entering her premises to commit aggravated assault upon her, and possession of a weapon during the commission of a crime by having a knife with a blade three or more inches in length. A jury found Hackett guilty of battery-family violence and criminal trespass and not guilty of the other charges. On appeal, Hackett contends that the trial court erred in denying his motion for a directed verdict of acquittal, in admitting hearsay, and in failing to instruct the jury on admissions. Because he has shown no reversible error, we affirm.

The state presented the testimony of Terrell that prior to the date of the incident, July 19, 2003, she and Hackett had ended a romantic

relationship that had lasted almost seven years, during which time they sometimes had lived together. On the night in question, Hackett telephoned her apartment, leaving a message that he knew there was a man visiting her and that he would kick open the door if she did not open it. Terrell did not open the door and did not give him permission to enter her apartment. About two minutes later, however, Hackett was kicking in her bedroom door. Terrell's visitor fled the scene. During an ensuing altercation, Hackett pushed Terrell against a wall, creating a hole in the wall and injuring Terrell's right elbow. Terrell called the police.

The state also presented the testimony of the police officer who was dispatched to the residence. He stated that he had noticed a one-inch "laceration" on Terrell's right elbow, a large hole in the wall by the front door, a hole in the bedroom door, and damage to the bedroom door frame. According to the officer, Terrell was "upset, crying, and sort of out of breath." Over objection, he recounted what Terrell had verbally reported to him at the scene.

Soon after the officer conducted an investigation at the residence, he found Hackett using a pay telephone in the apartment complex and transported him back to the residence, where Terrell identified him as the man who had been in her apartment earlier. The officer testified that he then asked Hackett what had happened and that Hackett responded, "nothing happened; I went to use the phone." Terrell later gave police a written statement about the incident, and the officer read that statement into evidence. A knife with a six-inch blade, which Terrell had told the officer that Hackett had threatened her with, was collected at the scene by the officer and introduced into evidence.

The state introduced evidence of numerous other violent acts Hackett had previously perpetrated against Terrell. In November 1999, he hit her head with a beer bottle. In May 2000, he struck her head with his hand and grabbed her throat. In August 2000, he threw a beer can at her and then struck her face with his hand. Terrell's statement to police concerning that incident was read to the jury. And in June 2003, Hackett slapped Terrell to the ground.

1. Hackett contends that the trial court erred in denying his motion for a directed verdict of acquittal. The transcript reveals that the defense moved for a directed verdict only with regard to the charge of aggravated assault.

In her verbal and written statements to police, Terrell claimed that Hackett had acquired a knife from her kitchen and wielded it

during their encounter. But on cross-examination at trial, she testified that it was she who had gotten the knife and that she could not recall whether Hackett had later picked it up.

The jury returned a not guilty verdict on the charge of aggravated assault. As Hackett was acquitted of that charge, he has not shown the requisite harm caused by any error in the court's denial of the motion.[1]

2. Hackett contends that the trial court erred in admitting hearsay, citing Terrell's verbal and written statements to police concerning the incident underlying the instant case and her written statement to police concerning the August 2000 prior difficulty.

Relying on *Cuzzort v. State*,[2] the state counters that the cited statements were admissible because Terrell was at trial, placed under oath, and subject to cross-examination. In *Woodard v. State*,[3] the Supreme Court of Georgia recognized that *Cuzzort* was sometimes misinterpreted and thus again explained that *Cuzzort* authorizes the admission of a witness's prior consistent statement only where (1) the veracity of a witness's trial testimony has been placed in issue at trial; (2) the witness is present at trial; and (3) the witness is available for cross-examination.[4] The Court then clarified, "a witness's veracity is placed in issue so as to permit the introduction of a prior consistent statement only if affirmative charges of recent fabrication, improper influence, or improper motive are raised during cross examination."[5]

Terrell's written and verbal statements to police concerning the incident underlying this case were introduced during the direct examination of the investigating police officer, who was the state's first witness. Although Terrell had not yet testified nor had there been an attack on her credibility when the statements were admitted into evidence, Terrell did later testify to statements with which the contested evidence could be consistent. And during subsequent cross-examination of Terrell by the state, her veracity was placed in issue. Introducing the contested statements prior to eliciting an in-court statement runs the risk that the witness's credibility is never attacked and that the evidence is subsequently rendered inadmissible.[6] However, in this case, Terrell's credibility was eventually attacked,

---

[1] See *Morris v. State*, 226 Ga. App. 535, 536 (1) (488 SE2d 685) (1997).

[2] 254 Ga. 745 (334 SE2d 661) (1985).

[3] 269 Ga. 317, 319-321 (2) (496 SE2d 896) (1998).

[4] Id. at 319-320.

[5] Id. at 320.

[6] *Sterling v. State*, 267 Ga. 209, 213 (9) (477 SE2d 807) (1996).

and the statements were properly admitted as prior consistent statements.[7]

Terrell's written statement to police concerning her August 2000 prior difficulty with Hackett was presented during Terrell's direct examination. "[A] victim's testimony about her *own* prior statement escapes the hearsay proscription that concerned the Court in *Woodard*."[8]

> [A] witness' testimony as to what [s]he (the witness) said is not hearsay. Hearsay evidence is that which does not derive its value solely from the credit of the witness, but rests mainly on the veracity and competency of other persons. In short, the hearsay rule prohibits the witness from testifying as to what another person said; it does not apply to what the witness [her]self said.[9]

3. Citing his statement to police that, on the night of the incident, he entered Terrell's residence to use the telephone, Hackett contends that the trial court erred in failing to instruct the jury on admissions. The transcript reveals, however, that when the trial court inquired whether there were any objections to its charge, Hackett's counsel replied that he had none and did not reserve the right to object later. Consequently, the right to raise this claim of error on appeal was waived.[10]

*Judgment affirmed. Johnson, P. J., and Smith, P. J., concur.*

DECIDED MARCH 15, 2005.

*James W. Bradley*, for appellant.
*Robert E. Keller, District Attorney, Richard C. Brown, Assistant District Attorney*, for appellee.

---

[7] See id.

[8] (Emphasis in original.) *Ogle v. State*, 270 Ga. App. 248, 249 (1) (606 SE2d 303) (2004); see also *Brown v. State*, 250 Ga. App. 147 (1) (550 SE2d 701) (2001).

[9] *Brown*, supra at 148.

[10] See *Geiger v. State*, 268 Ga. 8 (1) (485 SE2d 749) (1997).