A06A0915. CROFT v. THE STATE.
(628 SE2d 144)

BLACKBURN, Presiding Judge.

Following a jury trial, John Charlie Croft appeals his convictions of serious injury by vehicle and of reckless driving, both of which arose out of his driving a four-wheeler ATV with a ten-year-old passenger, who was brain-damaged when Croft clipped a tractor and flipped the ATV. Croft contends the court erred in failing to give jury instructions on accident and causation, in failing to merge the reckless driving offense into the serious injury by vehicle offense, and in entering judgment on a vague reckless driving count. We hold that Croft waived any complaints about the jury charge and about vagueness in the reckless driving count, and that the reckless driving offense was shown to have occurred separately from the serious injury by vehicle offense. Accordingly, we affirm.

Construed in favor of the verdict, *Short v. State*,[1] the evidence shows that Croft was driving a four-wheeler ATV with a ten-year-old passenger on the back. Having recently drunk 66 ounces of beer (resulting in a blood alcohol level of 0.15), Croft drove up to speeds of 40 mph over an area covered with loose gravel. Croft eventually lost control of the vehicle and struck a large scoop attached to a tractor, flipping the ATV and causing permanent brain damage to the child.

Croft was charged with (i) serious injury by vehicle by causing organic brain damage through a DUI violation,[2] (ii) DUI (less safe),[3] (iii) DUI per se (blood alcohol over 0.08),[4] and (iv) reckless driv-

---

[1] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).
[2] OCGA § 40-6-394.
[3] OCGA § 40-6-391 (a) (1).
[4] OCGA § 40-6-391 (a) (5).

ing.[5] A jury found him guilty on all counts. Merging the two DUI counts into the serious injury by vehicle count, the court sentenced Croft to ten years imprisonment on the serious injury by vehicle count and to twelve months imprisonment on the reckless driving count (to be served concurrently). Croft appeals.

1. Croft's first two enumerations argue that the court erred in failing to charge the jury on accident and on causation. But as Croft did not request that charges in either of these areas be given, we find no error. See *Woods v. State*[6] (failure to request charge on law of accident precludes finding of error); *Asberry v. State*[7] (failure to request proximate cause charge in vehicular homicide case precludes finding of error). Indeed, in a colloquy with the court, Croft's counsel apparently agreed with the court's assessment that a charge on the law of accident was unnecessary and stated that the charge on recklessness sufficed.

Moreover, even if Croft had requested these charges, he waived any error when following the court's instructions to the jury, the court asked whether he had any objections to the charge, and Croft's counsel answered, "No, Your Honor." Counsel did not reserve the right to object later. "Consequently, the right to raise this claim of error on appeal was waived." *Hackett v. State*.[8] See *Wadley v. State*.[9]

2. In his third enumeration, Croft complains that the trial court failed to merge the reckless driving charge into the serious injury by vehicle charge. Citing OCGA §§ 16-1-6 (1) and 16-1-7 (a) (1), Croft argues that the facts proving the reckless driving charge were "used up" in proving the serious injury by vehicle charge and that therefore he could not be sentenced on both charges. See *Kinney v. State*.[10] "We review this legal issue de novo." *Cutter v. State*.[11]

Without addressing Croft's apparent waiver of this matter when his counsel agreed during sentencing that the reckless driving charge should not merge, we note that the predicate offense for the serious injury by vehicle charge was not reckless driving but was DUI. Reckless driving and DUI are entirely separate and distinct crimes, requiring a showing of different elements. *Kirkland v. State*.[12] Holding that reckless driving would not be a lesser included offense of DUI (either as a matter of law or fact), *Kirkland* explained: "[A]s defined

[5] OCGA § 40-6-390 (a).

[6] *Woods v. State*, 263 Ga. 804, 805 (2) (440 SE2d 1) (1994).

[7] *Asberry v. State*, 193 Ga. App. 711, 712 (3) (389 SE2d 18) (1989).

[8] *Hackett v. State*, 272 Ga. App. 196, 199 (3) (612 SE2d 54) (2005).

[9] *Wadley v. State*, 257 Ga. 280, 281 (2) (357 SE2d 588) (1987).

[10] *Kinney v. State*, 234 Ga. App. 5, 7 (2) (505 SE2d 553) (1998).

[11] *Cutter v. State*, 275 Ga. App. 888, 889 (1) (622 SE2d 96) (2005).

[12] *Kirkland v. State*, 206 Ga. App. 27, 34 (17) (424 SE2d 638) (1992).

in OCGA § 40-6-390 (a), reckless driving requires proof of a specific *act* which evidences a reckless disregard for the safety of persons or property. Driving under the influence, on the other hand, requires no proof of such a specific act, but proof of a general intoxicated *condition*." (Citation and punctuation omitted.) Id. at 33-34 (17).

"The State does not use up all the evidence in establishing the first crime where the crimes are separate and sequential." *Cutter*, supra at 889 (1). See *Robinson v. State*[13] ("[i]f one crime is complete before the other takes place, the two crimes do not merge") (punctuation omitted). Here, the State proved the reckless driving offense based on Croft's driving the ATV with a passenger up to speeds of 40 mph on loose gravel (see OCGA § 40-6-390 (a)), which took place *prior* to Croft's clipping the tractor scoop; the jury could infer from the expert evidence presented that the inability to avoid the tractor scoop was caused by Croft's slower reflexes resulting from his inebriated condition of 0.15 alcohol blood content. See OCGA § 40-6-391 (a) (5). Because the clipping of the tractor scoop caused the rollover and injury to the child, the elements of the serious injury by vehicle offense under OCGA § 40-6-394 were separate from and sequential to the reckless-driving offense. The trial court did not err in failing to merge the two offenses. See *Cutter*, supra at 890 (1).

3. In his final enumeration, Croft contends that the reckless driving count of the indictment failed "to particularly and specifically describe that conduct which is alleged to be a crime" and therefore could not result in a conviction. A contention that a count of the indictment lacks sufficient specificity, however, is an attack on the form of the indictment, which must be addressed by filing a special demurrer to the indictment. See *Stinson v. State*[14] (special demurrer is avenue to obtain more information on the charged offense); *Lowe v. State*[15] ("[i]f [defendant] wanted greater specificity with regard to the felony that she allegedly committed, her appropriate remedy was a pre-trial special demurrer"); *Smith v. State*[16] ("[a] defendant also may challenge the form of the indictment by special demurrer, alleging that the indictment fails to apprise him sufficiently of the charges against him").

Here, Croft filed no special demurrer in the court below, but raised this matter for the first time on appeal. Croft's "failure to file his special demurrer seeking additional information before pleading not guilty to the indictment constitutes a waiver of his right to be tried

---

[13] *Robinson v. State*, 271 Ga. App. 768, 769 (1) (610 SE2d 706) (2005).

[14] *Stinson v. State*, 279 Ga. 177, 180 (2) (611 SE2d 52) (2005).

[15] *Lowe v. State*, 276 Ga. 538, 539 (2) (579 SE2d 728) (2003).

[16] *Smith v. State*, 249 Ga. App. 39, 42 (2) (547 SE2d 598) (2001).

on a perfect indictment." *Stinson*, supra. See *Smith v. State*[17] ("[a] special demurrer not filed at or before arraignment is waived"). Only if the defendant is asserting that the defects in the indictment rendered the indictment absolutely void (more in the nature of a general demurrer) may a post-conviction attack on the sufficiency of the accusation be considered on appeal. *Wright v. State*.[18] Because the indictment here tracked the appropriate statutory language in OCGA § 40-6-390 (a), with a further identification of the child by name as the person endangered, the indictment contained no defects that would render it void. See *Wright*, supra; *Dunbar v. State*.[19]

The court did not err in entering judgment on the reckless driving count.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED MARCH 7, 2006.

*James W. Bradley*, for appellant.

*Jewel C. Scott, District Attorney, Billy J. Dixon, Assistant District Attorney*, for appellee.

---

[17] *Smith v. State*, 239 Ga. App. 515 (1) (521 SE2d 450) (1999).

[18] *Wright v. State*, 255 Ga. App. 119, 121 (2) (564 SE2d 522) (2002).

[19] *Dunbar v. State*, 209 Ga. App. 97, 98 (2) (432 SE2d 829) (1993).